## In re FRITZ.

(District Court, E. D. New York. November 6, 1909.)

1. **BANKRUPTCY (§ 410\*)—DISCHARGE—EXTENSION OF TIME TO FILE APPLICATION—NOTICE.**

   An application by a bankrupt for an extension of time within which to file an application for discharge, made under Bankr. Act July, 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), being wholly to the discretion of the judge, it is not necessary that notice thereof be given to all creditors; the notice of hearing required to be given by section 58a (page 3444) being sufficient.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.\*]

2. **BANKRUPTCY (§ 413\*)—APPLICATION FOR DISCHARGE—HEARING ON OBJECTIONS.**

   Under rule 41 in bankruptcy in the Eastern District of New York, which requires that, on a reference of an application for discharge to which objections have been made, the party filing the objections shall deposit an amount sufficient to cover the cost of the hearing and a fee of $5 for each hearing, it is the duty of objecting creditors to bring the matter on for hearing; otherwise, the master or referee is warranted in dismissing the specifications.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–728; Dec. Dig. § 413.\*]

3. **BANKRUPTCY (§ 417\*)—DISCHARGE—REVOCATION.**

   The fact that the receiver for a creditor of a bankrupt did not receive the written notice of the bankrupt's application for discharge, owing to the fact that the creditor's address was not given in the schedules, although the receiver's name and address were disclosed by the proofs, is an irregularity merely, which is not sufficient ground for setting aside the order for discharge, where the notice was published as required, and in the absence of fraud.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 869; Dec. Dig. § 417.\*]

In the matter of Samuel Fritz, bankrupt. On petition to vacate order of discharge. Petition denied.

See, also, 152 Fed. 562.

Charles H. Smith, in pro. per.

Samuel Fritz, in pro. per.

CHATFIELD, District Judge. Charles H. Smith, as receiver of one Hyman Brown, proved a claim in the above-entitled proceeding for the amount of a judgment previously recovered by Brown against the bankrupt. This proof of claim was filed at a meeting subsequent to the first meeting of creditors. The schedules do not show the receiver as a creditor, but do contain the memorandum of a debt, amounting to $65, belonging to one A. Brown, whose residence is scheduled as un-

known. The first meeting of creditors was held on the 21st day of December, 1906; the schedules having been filed upon the 3d day of December, 1906, and the judgment of Hyman Brown having been recovered in a Municipal Court upon the 10th day of December, 1906.

It must further be noticed that the A. Brown whose debt is recited in the schedules never proved any claim. No application for discharge was made until the 8th day of February, 1908, when, upon a petition by the bankrupt's attorney showing facts sufficient in the court's opinion to bring the case under the provisions of section 14a of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), an order was made allowing the bankrupt to file his petition for a discharge within the 18 months provided by the statute. Upon the same day a petition for discharge was filed, which petition was verified by the bankrupt himself, and notices were sent out by the clerk of the court, upon the 25th day of February, 1908, as shown by his certificate filed in the proceedings, while the legal notice was also printed in a Brooklyn daily paper, under order of the court. Publication in the newspaper began on the 25th day of February, 1908, and the hearing was set for the 6th day of March, at which time specifications in opposition were filed by certain creditors, which were duly referred to the referee, subsequently dismissed by him, and a discharge recommended, inasmuch as the creditors did not proceed with a hearing upon the specifications.

Rule 29 of the District Court for the conduct of bankruptcy proceedings in this district provides that, after 30 days have elapsed from the date of the order of reference to a referee of an adjudicated petition in voluntary bankruptcy, the petition may be dismissed if no proceedings have been taken therein by the bankrupt; while rule 41 directs that specifications in opposition to the discharge may be referred to a special commissioner, and that the party filing the specifications shall deposit an amount sufficient to cover the expenses of taking the proofs and a fee of five dollars for each hearing. The referee signed his report, recommending the dismissal of the specifications, on the 21st day of October, 1908, his report was duly confirmed on notice to the creditors who had appeared, and the discharge of the bankrupt entered November 13, 1908.

A petition has now been made by Mr. Smith, as attorney in person for himself as receiver of the Brown judgment, to vacate the order extending the time of the bankrupt to apply for a discharge, and also to set aside the dismissal of the specifications and to vacate the discharge of the bankrupt. The foregoing detailed statement of the steps in the proceedings has been made necessary by the particular questions raised upon the objections presented on this motion.

The first objection is that the order of February 7th was granted ex parte and upon insufficient statements. The law provides that such an extension of time to apply for a discharge may be granted, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within the 12 months provided by section 14a. Section 58a provides that creditors shall have at least 10 days' notice of all hearings upon applications for the discharge of the bank-

rupt; but inasmuch as this provision insures a notice of the proceedings themselves, it would not seem that the notice of application for leave to apply, or for an extension of the time therefor, could be said to be an application for discharge, especially in view of the fact that it is to be made to appear "to the satisfaction of the judge." The matter is thus one of discretion, and notice to all creditors does not seem necessary.

A hearing upon whether the bankrupt's time to apply for a discharge should be extended, if objection were made, would involve a further reference, and, substantially, require going over much of the same ground as would be covered in the hearing upon the petition, and certainly in almost every instance produce no result. Nor does the objection that the petition for this extension of time was made by the attorney raise any serious question. So long as the application for discharge was verified by the bankrupt, and so long as the attorney's affidavit is satisfactory and worthy of belief, especially if the facts are within his own knowledge, it is difficult to see why his affidavit should not be sufficient.

The specifications of objection to a discharge should have been brought on for hearing by the creditors. Under rule 41 in this district the person interested in preventing a discharge, and who is bound under the law to furnish some evidence that the bankrupt has done, or failed to do, the acts specified in section 14 of the bankruptcy act, is required to deposit with the referee a sum sufficient to guarantee that the expenses of the reference will be paid. The bankrupt is not expected to stand the expenses of his bankruptcy proceeding, further than to turn over his entire estate. Even his attorney's fee for the matters required of the bankrupt may come out of the estate. Section 64 (3). The creditors' expenses in opposing a discharge, if successful, should be borne by all of the creditors who are benefited thereby, and, if unsuccessful, may, in the discretion of the court, be paid out of the estate. But the object of the bankruptcy statute is to allow a bankrupt to give up his property and be relieved from his debts, as well as to compel a person who is insolvent and committing acts of bankruptcy to distribute his assets equally. After adjudication, an involuntary bankrupt should not be placed in a worse position than one who has filed a voluntary petition for his own benefit. It would seem, therefore, that to ask a man (who has either given up or has been compelled to give up all his property, and who is entitled in return therefor to a discharge from his debts, if he be honest) to forego the rights which the law gives him, unless he can raise funds sufficient to conduct a reference, which may be arbitrarily forced upon him if a creditor is spiteful, is beyond the intention of the statute.

It is always within the power of the court to impose costs against a creditor who does not seem to be acting fairly, or to compel the bankrupt to pay costs before acting on the commissioner's report, if the expenses should be borne by the bankrupt. But nothing would seem to be gained by waiting for the bankrupt, in every case, to deposit the expenses of a proceeding directed against himself.

Another objection is that the referee has not filed a certificate showing that the bankrupt has conformed with the provisions of the bank-

ruptcy act, as required by section 14b. Such a certificate is required by rule 26 of this court, but is merely a method of proving to the court facts which could be inferred from the record, and conclusions to be drawn from the testimony on file. A favorable report upon specifications of objection must include all of the elements covered by such a certificate, and in the present case the special commissioner made such a report. It would have been well to have withheld the order of reference until this certificate had been filed, and, if no opposition had been made to the discharge, the order of discharge could not have been entered until the filing of such a certificate. But at the present time there is nothing in the objection presented.

The most serious objection, however, is that Mr. Smith, as creditor, states in his affidavit that he received no notice of the application for a discharge. It is evident from an examination of the record that he had filed his claim with the referee prior to the sending out of notices for the hearing upon the discharge application. It is also apparent from the record that the referee did not report the claim as filed by Mr. Smith until a dividend sheet was furnished, namely, upon the 8th day of September, 1909. General Orders of the Supreme Court No. 24 (18 Sup. Ct. viii) requires as follows:

"The referee shall forthwith transmit to the clerk a list of the claims proved against an estate, with the names and addresses of the proving creditors."

And the bankruptcy statute (section 58) requires 10 days' notice to all creditors by mail—

"to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterwards filed with the papers in the case by the creditors. * * * of (2) all hearings upon applications for the confirmation of compositions or the discharge of bankrupts."

As has been previously stated, the clerk of this court certified, upon the 25th day of February, 1908, that he had sent notices of said application to all known creditors. The objecting creditor now presents an affidavit in which he states that he is informed by the clerk's office that notices of the hearing on the petition for discharge were mailed only to the creditors set forth in the schedules.

In view of the certificate of the clerk above referred to, and in the absence of any definite affidavit as to how the Brown notice was mailed, it is impossible to determine whether the requirements of the statute were met with respect to the particular creditor, whether that creditor be "A. Brown, address unknown," or "Charles H. Smith, as receiver for H. Brown." The bankruptcy law requires notice of application for discharge to be printed in a designated newspaper, and that was done in the present case. The only purpose of printing such a notice would be to cover instances where the creditor's name and address was not correctly set forth in the papers. In other words, it would be a notice to the public; and in the present case to set aside the discharge would mean that the notice by publication was of no effect whatever. In addition, the application of the creditor to have the discharge revoked, because he did not receive notice, could not be granted in that form. At most, he would be entitled to now proceed before the referee, and, if his objection should be substantiated, then the court

would have to determine whether the discharge should be finally set aside (section 15), or whether the claim of this particular creditor had not been discharged by the proceedings (section 17 [3]).

But upon the condition of the record, and the certificate of the clerk that notices were mailed, and in the absence of anything to indicate that this particular creditor, or any other, has been injured by any fraud on the part of the bankrupt, the discharge will not be opened for the suggestion of irregularity, in that one of the creditors asserts that he did not receive the notice supposed to have been mailed. If such a result could follow, under the present circumstances, it would be necessary to reopen or revoke the discharge if the notice to a creditor were lost in the mail, and no discharge would be sufficiently stable to be of any purpose whatever, if it could be attacked by proof that notice was not received.

The motion must be denied.