In re CHASE.

(District Court, D. Massachusetts.   January 31, 1910.)

No. 11,045.

1. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—WAIVER.
    Specification of objections to a discharge in bankruptcy may be dis-
regarded where leave to file them has not been obtained, and where the
objector does not appear on hearing of the application for discharge.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 404*)—DISCHARGE—WHEN IMPROPER.
    A discharge in bankruptcy cannot be granted within six years following
a former discharge in earlier voluntary proceedings.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 404.*]

3. BANKRUPTCY (§ 415*)—DISCHARGE—APPLICATION—TIME FOR MAKING.
    Whether a bankrupt was unavoidably prevented from applying for a
discharge within a year is determinable within the judge's discretion,
and without notice to the creditors.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

4. BANKRUPTCY (§ 415*)—DISCHARGE—APPLICATION—DELAY.
    Inquiry whether a bankrupt was unavoidably prevented from applying
for a discharge within the year should be had within the additional six-
month period during which filing may be allowed on such showing.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

5. BANKRUPTCY (§ 410*)—DISCHARGE—RIGHT TO.
    A bankrupt should not be discharged on an application filed out of time
where there is no proof that he was unavoidably prevented from apply-
ing in time, where he could not have been discharged had he applied with-
in the year, on account of a former discharge, and where he has per-
mitted lapse of the time within which inquiry as to whether he was un-
avoidably prevented from applying.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 410.*]

In the matter of Louis N. Chase, bankrupt.   On application for dis-
charge.   Application denied.

Robert A. Jordan, for bankrupt.

DODGE, District Judge.   This debtor was adjudged bankrupt Feb-
ruary 5, 1906, upon his own petition.   His schedules disclosed liabil-
ities to the amount of $6,396.99 and no assets.   On March 10, 1906,
in answer to the usual interrogatories, the bankrupt made oath that
he had previously been adjudged bankrupt in this court on April 1,
1901, and discharged on May 28, 1901.   Before the case was closed,
on April 13, 1906, the trustee reported to the referee that he believed
the bankrupt had made a full disclosure, and that the statements in
his schedules were substantially correct.   The report ended with a
recommendation that the bankrupt receive his discharge.   No dis-
charge had then been applied for.   On April 14th the referee trans-
mitted the report of the trustee, and stated that no reason was known
to the referee why the bankrupt's application for discharge should not
be granted.   This report was transmitted to the court with the other
papers in the case when the case was closed, and was filed in this court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

May 7, 1906, but at that time it was still true that the bankrupt had made no application for discharge.

On August 2, 1907, the bankrupt for the first time filed such an application, in which he alleged "that he was unavoidably prevented from filing this petition within the year." Specifications of objections to the discharge were duly filed by one creditor on August 17, 1907. Another creditor on September 6, 1907, applied for leave to appear, object, and file specifications of objection which were presented, and in support of the application alleged that she had had no notice of the application for discharge. [1] No leave to file these specifications was ever obtained from the court, however, and there has been no appearance on behalf of the creditor presenting them at the present hearing. They may therefore be disregarded. The specifications filed August 17, 1907, were filed in time, but they have been permitted to lie for more than two years without any action upon them being sought, nor has the creditor who presented them now appeared to support them. I find nothing in them set forth with sufficient definiteness to require the court to notice it as an objection to the discharge, except the allegation that a former discharge had been obtained, in voluntary proceedings, within six years. They do not raise as an objection the fact that this application was not filed within 12 months subsequent to adjudication.

This fact, however, is admitted by the bankrupt himself. That he obtained a discharge in this court on May 28, 1901, he has also admitted. The records of the court show that he obtained it in voluntary proceedings. His counsel frankly state to the court that his desire to have this application now revived and acted on proceeds from the fact that he has filed still another voluntary petition in this court, wherein the granting or refusal of this application may become important.

[2] If the bankrupt had filed his present application for discharge within a year following the adjudication—i. e., on or before February 6, 1907—it could not lawfully have been granted when filed, nor could it lawfully have been granted before May 28, 1907, because the six years following his discharge in the earlier voluntary proceedings did not expire until the latter date. At any hearing before that date, it must have been denied; but, if heard after that date, it would seem that it might have been granted. According to Re Jordan, 142 Fed. 292, Re Haase, 155 Fed. 553, "within six years" in section 14b (5) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427] as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1310]) means six years measured backward from the time of the hearing.

The suspicion of a motive on the bankrupt's part to delay his application until after May 28, 1907, seems to me not unwarranted under the circumstances. The statement in his application dated August 2, 1907, that he was unavoidably prevented from filing it within the year, he has signed, but not sworn to, nor has it been sworn to by any one. [3] The question whether he was unavoidably prevented or not is one for the judge's discretion, and one which he might have decided with-

out notice to the creditors. Re Fritz, 173 Fed. 560, 562. I should not feel justified in holding the statement to be true without further inquiry into the facts. [4] If such inquiry was to be had, I think it ought to have been had within the additional six months beginning May 28, 1907, during which its filing might have been allowed by the court if satisfied that filing before that date had been unavoidably prevented. It is true that, according to the practice heretofore followed, the question is one which has been heard and decided with the objections, if any, specified to the granting of the discharge. But in this instance not only have the six months referred to been allowed to expire without submitting the question to the court; the six months referred to expired more than two years ago.

[5] No proof whatever having been submitted that the bankrupt was really unavoidably prevented from applying in time, and in view of the fact that he could not lawfully have been discharged within the year following adjudication had he so applied, I do not think a discharge ought now to be granted.

The application for discharge is denied.