## In re VAINE.

### (District Court, N. D. New York. April 19, 1911.)

BANKRUPTCY (§ 410*)—PETITION FOR DISCHARGE—EXTENSION OF TIME—"UN-AVOIDABLY PREVENTED."

Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that any person, after the expiration of a month and within the next 12 months subsequent to adjudication, may file an application for discharge, and, if it shall be made to appear to the judge that the bankrupt was "unavoidably prevented" from filing it within such time, it may be filed within, but not after, the expiration of the next 6 months. Section 14b requires a denial of the application in case the bankrupt has been granted a discharge in voluntary proceedings within 6 years. *Held*, that the fact that, if a bankrupt applied for a discharge within 12 months, it would necessarily be denied because of his discharge in voluntary proceedings within 6 years, such fact did not "unavoidably prevent" him from filing his application for discharge within such time, so as to authorize an extension of time to file until after the 6-year period had expired.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 410.*

For other definitions, see Words and Phrases, vol. 8, p. 7152.]

In the matter of bankruptcy proceedings of Fred W. Vaine. On order to show cause why the time of the bankrupt to file his petition for discharge should not be extended after the expiration of the year subsequent to adjudication. Order discharged.

Daniel J. Cosgro, for bankrupt.
Walter H. Wertime, for creditor.

RAY, District Judge. April 25, 1905, Fred W. Vaine, the above-named bankrupt, was discharged from his debts in a voluntary proceeding in bankruptcy. December 8, 1909, he was again adjudged a voluntary bankrupt. He allowed the 12 months in which he might have applied for a discharge to go by, and now petitions this court to extend the time in which to file his petition for a discharge to some date subsequent to April 25, 1911, so that 6 years shall have elapsed between his first discharge and the filing of his petition for a second discharge. The petitioner claims that he has been "unavoidably prevented from filing" his application for a discharge in this second proceeding "within the next 12 months subsequent to being adjudged a bankrupt," within the meaning of section 14a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), which reads as follows:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was un-avoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

On his petition for an order extending the time, an order to show cause was issued, and on the return thereof a creditor of the bankrupt

appears and opposes such extension on the grounds that the reasons alleged for not filing such application for a discharge within the 12 months are entirely insufficient to justify the granting of such order; that Vaine was not unavoidably prevented from filing such application; and that it appears his reason for not filing it is that he knew, if he filed it within the 12 months, his discharge would be refused, because of the provisions of section 14b, the material part of which reads· as follows:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard and investigate the merits of the application and discharge the applicant unless he has * * * or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years."

The petitioner claims in his petition that he was unavoidably prevented from filing his application for a discharge within the 12 months because of poverty, sickness in his family, and because of the provisions of section 14b quoted, inasmuch as such provisions of the law operates to prevent a discharge on a petition heard within 6 years of the granting of the prior discharge. The contention is that if Vaine had filed his application for a discharge within 12 months from December 8, 1909 (that is, prior to December 8, 1910), the matter must have been heard and passed upon prior to the expiration of the 6 years (that is, prior to April 25, 1911), and the refusal of a discharge would have followed, and that hence he was by operation of the statute "unavoidably prevented" from filing his application within said 12 months.

I can give no such construction to the provisions of section 14. Subdivision "b" of section 14, as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), was intended to prevent the filing of voluntary petitions in bankruptcy by the same person oftener than once in 6 years, and not merely to space discharges to the same person 6 years apart. If the latter is the purpose of the amendment, it can be made effectual by the bankrupt and court or referee in bankruptcy, even if the second application for a discharge is filed within the 12-month period, as the court or referee may postpone a hearing therein until the expiration of the 6-year period, when there will be no legal obstacle to the granting of the second discharge. This procedure would not prevent a second discharge, based on a petition in voluntary proceedings filed 2, 3, or 4 years after the granting of the discharge in the first proceeding. I do not consider that a bankrupt is "unavoidably prevented" from filing his application for a discharge within the 12 months for the reason that, if he does, his discharge will be, or may be, denied because of the provisions of section 14b.

The petition for this extension of time does not show any substantial ground for not filing the application for a discharge within the 12 months. The objections and affidavits filed in opposition to the extension, in connection with the petition itself, show that no grounds exist; that is, that the petitioner, Vaine, was not unavoidably pre-

vented from filing his application for a discharge within the next 12 months subsequent to being adjudged a bankrupt.

The application for an order extending the time in which to file an application for a discharge is therefore denied.