## In re CHURCHILL.

(District Court, E. D. Wisconsin. May 29, 1912.)

1. BANKRUPTCY (§ 410*)—APPLICATION FOR DISCHARGE—EXTENSION OF TIME FOR FILING—DISCRETION OF COURT.

Under the provision of Bankruptcy Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), which authorizes the filing of a petition for discharge within six months after the expiration of the year from adjudication, within which it may be filed as matter of right, "if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time," an application for leave to file such a petition is addressed to the discretion of the judge and may be made without notice to creditors or formalities of practice or procedure, except such as the judge may at the time direct, and in the exercise of his discretion the judge may give a liberal construction to the term "unavoidably prevented" to include excusable neglect, reasonable grounds for delay, mistake, possibly inadvertence, and the like.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

2. BANKRUPTCY (§ 413*)—DISCHARGE—PROCEEDINGS ON APPLICATION.

Creditors who appear and file objections on the merits to the granting of a discharge to a bankrupt thereby waive objection to any error or irregularity in granting an extension of time for filing the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712, 718, 725, 727; Dec. Dig. § 413.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of Charles Churchill, bankrupt. On motion by creditors to vacate order permitting filing of petition for discharge. Motion denied.

E. E. & E. L. Browne, of Waupaca, Wis., for objecting creditors.

Peter Fisher, of Kenosha, Wis., and D. L. Jones, of Waukegan, Ill., for bankrupt.

GEIGER, District Judge. Charles Churchill was adjudged a bankrupt on September 15, 1910. No application for a discharge was made within 12 months after such date, but on March 9, 1912, a petition was filed under section 14a of the Bankruptcy Act, upon which Judge Sanborn, then presiding, made an order granting leave to file the petition for discharge as prayed. On March 12, 1912, such petition was filed. On April 27, 1912, creditors made a motion to vacate the order of March 9, 1912, permitting the filing of the petition for a discharge. The same creditors, and the trustee in bankruptcy, the latter having been authorized by a vote of the creditors to oppose the discharge, have also filed specifications in opposition to the discharge of the bankrupt, which specifications, in addition to certain statutory grounds, set up as erroneous the order enlarging the time for filing the bankrupt's petition for discharge.

[1] It is claimed that the order enlarging the time, made as before stated, should be set aside because: First, it was made without notice; second, that the petition upon which the order was based was not verified and that no proof was submitted in support thereof; third, that the grounds stated in the petition are insufficient.

It appears from the petition filed March 9th on behalf of the bankrupt that:

The latter "understood and believed that his * * * attorneys had filed his petition for discharge within the statutory period of 12 months and in compliance with the law relating thereto; that his said attorneys understood and honestly believed that they were not to file said petition until further specific instructions from the bankrupt; that, owing to such misunderstanding; and with no intention to mislead or delay, and without bad faith on the part of any one connected with the case, failure to file said petition occurred."

It does not appear what, if any, representations were made to the court in connection with the filing and contents of said petition; but the court indorsed upon said petition an order "that the petitioner have leave to file petition as prayed in the foregoing."

The contentions that the order is erroneous because made without notice, and because the petition or statement filed was not verified, are without merit. The Bankruptcy Act, § 14a, authorizes an application for a discharge within the first 12 months. Such application may be filed as a matter of course. It may also be filed within the next 6 months "if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it" within the first 12 months. The act being silent upon the procedure to be followed, it is fair to presume that the judge has a right to entertain the application of the bankrupt for leave to file, not only ex parte, but in such summary or informal manner as may be proper or convenient

at the time. The proceeding to permit filing within the enlarged time would seem to be one addressed to the discretion of the judge, and its purpose, after all, is simply to reinstate the bankrupt for a limited period to an absolute right which he possessed during the 12 months succeeding the adjudication.

The further fact that parties in interest, who may desire to oppose a discharge, are protected in their rights whether the petition be filed within the original or enlarged time, and are therefore not prejudiced by the enlargement of the time, tends to negative the requirement of notice, verification, formalities of practice, or procedure, except such as the judge may, at the time of the application, direct.

The other claim made by the creditors and trustee, if urged when the application was originally made, might present a debatable question. It will be conceded that there is no fixed rule or standard whereby it can readily be determined whether a person was "unavoidably prevented" from doing a certain act. If a narrow view respecting the meaning of these words be entertained, then nothing short of physical obstacles, or other facts or circumstances which literally deprived the brankrupt of his will or power to exercise his right, must be shown to have existed before the demands of the statute are satisfied. However, I think that the terms should be given a broader construction. The fact that the bankrupt is given nearly a year within which to file his application, and that such time can be enlarged six months, indicates that Congress was disposed to be rather liberal. If the terms are narrowly construed as above suggested, a situation would rarely arise in which the bankrupt could satisfy that construction. In other words, it would not happen very frequently, if ever, that a bankrupt would be "unavoidably prevented" for a period of a full year from preparing and filing the petition for discharge. It seems to me that the act was intended to provide a remedy for situations which were likely to occur—and which would occur, not through the intervention of overruling obstacles as above indicated, but rather through excusable neglect, reasonable grounds for delay, mistake, possibly inadvertence, and the like. That is, it was contemplated that a bankrupt might default, as parties to litigation frequently default, in the performance of an act within a limited time, and that a further time in the discretion of the court be allowed to relieve from the consequences of such default. This seems a more reasonable construction to be given the words in question. While it may be claimed that a delay occasioned through a misunderstanding as is alleged fails not only to show that the bankrupt was "unavoidably prevented," but also fails to show a reasonable excuse, it is equally true that a different view is possible; that if a bankrupt in good faith represents to the court his reliance upon counsel, and counsel appear to have misunderstood their client's instructions, the default is explained in an entirely reasonable manner, and if, upon such explanation, the judge is satisfied, it seems to me he has exercised a discretion which ought not to be disturbed.

[2] There is a further suggestion respecting the practice followed by the creditors and trustee. The application of the bankrupt for

his·discharge and the·specifications in opposition thereto partake of the nature of a suit or proceeding. When, therefore, the petition is filed and the creditors and parties in interest are given notice to appear, they should not be permitted to attempt to oust the court of its power to entertain the proceeding and to answer the petition upon its merits at one and the same time. The proceeding to vacate the order permitting the filing of the petition is of a special character, analogous perhaps to a proceeding to vacate service of process, and, if there is coupled therewith an answer to the merits of the petition, any error or irregularity in permitting the filing of the· petition within the enlarged time should be deemed waived.

The motion to vacate the order permitting the filing of the petition is denied.