### In re SWAIN.

(District Court, D. Massachusetts. February 28, 1917.)

#### No. 22029.

**1. BANKRUPTCY &#9901;&#11106;410—DISCHARGE—TIME OF FILING PETITION.**

The bankrupt's attorney first offered for filing a petition for discharge after the expiration of the year but within the six months period referred to in the Bankruptcy Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (Comp. St. 1916, § 9598). The clerk of the court informed the bankrupt's attorney that it was unnecessary for the petition to set forth the reasons relied on as excusing the failure to present the petition within the year, or do anything except file the usual petition for discharge after the year and within the six months, with the statement that the petitioner was unavoidably prevented from filing a petition within one year. The clerk also informed the bankrupt's attorney that it was unnecessary at that time to present to the court evidence showing that the delay in filing the petition was unavoidable, and that that question would be heard in connection with the petition for discharge. The clerk's statements were in accordance with the oral instructions of the late judge of the district. *Held* that, regardless of the propriety of the practice, the bankrupt

---

&#9901;&#11106;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

should not be penalized, and the petition for discharge will be treated as if presented to the court at the time it was first tendered to the clerk.

2. BANKRUPTCY ⬤⟿410—DISCHARGE—RIGHT TO.

Under Bankr. Act, § 14, declaring that any person may after the expiration of one month and within the next twelve months file a petition for a discharge, and if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time it may be filed within but not after the expiration of the six months, a discharge will not be denied because the bankrupt's counsel, through an honest mistake as to the law, supposed that the petition for discharge could not be filed until equity proceedings in the state court in which charges were made against the bankrupt that would have been sufficient if established to defeat the discharge had been terminated, and for that reason did not attempt to file the petition for discharge until after the conclusion of those proceedings and until after the expiration of more than one year after adjudication, for the statute is not limited to cases absolutely beyond the bankrupt's control.

In Bankruptcy. In the matter of the bankruptcy of Charles E. Swain. Objections to discharge. Discharge granted.

Philip B. Carter, of Melrose, Mass., for bankrupt.

Paul Dawes Turner, of Boston, Mass., for objecting creditor.

MORTON, District Judge. [1] As to the first objection, the bankrupt's attorney at first offered for filing a petition for discharge which recited with some particularity the reasons relied on as excusing the failure to present it within the year. He was thereupon informed by one of the clerks of this court that it was unnecessary for him to set forth said reasons, or to do anything except file the usual petition for discharge after the year and within the six months, with the statement that the petitioner was unavoidably prevented from filing the petition within one year. The petition originally tendered was not pressed, and the petition now before the court was filed. The clerk of this court also informed the bankrupt's attorney that it was unnecessary to present to the court at that time evidence to show that the delay in filing the petition was unavoidable, and that that question would be heard in connection with the petition for discharge. The clerk's statements were based on oral instructions given by the late Judge Lowell soon after the present act went into effect, and correctly stated the established practice of this court since that time.

It is doubtful whether the practice is sound (see In re Chase [D. C.] 186 Fed. 408); but it is clear that the petitioner was prevented from bringing the matter to the attention of the court within the permitted time by the clerk's statement to his attorney, and that what the petitioner did conformed to the current practice of the court. Under such circumstances, he ought not to suffer; and the petition for discharge should be treated as if presented to the court at the time when it was first tendered to the clerk.

[2] If the petition is properly before the court, no reason appears for not granting the discharge. So the real question is whether, upon the facts stated in the report of the referee, "the bankrupt was unavoidably prevented from filing" the petition within the six months'

grace period. Strictly construed, the words in question would exclude all excuses except those approaching actual impossibility, such as incapacitating illness, accident, or other causes entirely beyond the bankrupt's control. The words have never been so severely limited. They have, on the contrary, been given a liberal application and have been said to include delays in the postoffice, and faults on the part of clerks or employés in the office of the attorney making the application.

"It is not the purpose or policy of the law in such a matter as this to take advantage of errors, or mistakes, or misconstructions." Ray, J., in Re Daly (D. C.) 224 Fed. 263, 266.

The petitioner's counsel, through an honest mistake as to the law, supposed that the petition for discharge could not be filed until the equity proceedings in the state court (in which charges were made against the bankrupt, which would be sufficient, if established, to defeat the discharge) had been terminated. He therefore did not attempt to file the petition for discharge until the conclusion of those proceedings. It would, I think, be altogether too strict a construction of the statute to hold that on such facts the bankrupt did not have the right to petition for his discharge within the six months period.

An order will be entered nunc pro tunc (see Mitchell v. Overman, 103 U. S. 62, 64, 26 L. Ed. 369) as of the date of the filing of the petition for discharge, September 25, 1916, finding that the petitioner was unavoidably prevented from filing his petition within the prescribed time; and a further order granting the discharge.