## In re MacLAUCHLAN.

(Circuit Court of Appeals, Second Circuit. November 9, 1925.)

No. 81.

1. **Bankruptcy ⚙⟹410—Application for additional time within which to apply for discharge addressed to judicial discretion.**

Application for six months' additional time within which to apply for discharge in bankruptcy, under Bankruptcy Act, § 14a (Comp. St. § 9598), is addressed to judicial discretion.

2. **Bankruptcy ⚙⟹446—An abuse of discretion may in itself constitute error of law.**

An abuse of discretion may in itself constitute error of law.

3. **Bankruptcy ⚙⟹410—"Unavoidably prevented," within Bankruptcy Act, construed.**

Before bankrupt can be said to have been "unavoidably prevented" from petitioning for discharge, within Bankruptcy Act, § 14a (Comp. St. § 9598), there must have been some external compulsion or compelling outside force.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unavoidably Prevented.]

4. **Evidence ⚙⟹43(1)—Judicial notice taken of fact that drafting and filing of petition for discharge in bankruptcy is simple, short, and inexpensive.**

Judicial notice will be taken that drafting and filing of petition for discharge in bankruptcy is a short, simple, and inexpensive affair, as affects question whether bankrupt was unavoidably prevented from so doing.

5. **Bankruptcy ⚙⟹410—Petition for additional time held not to show bankrupt unavoidably prevented from filing petition for discharge.**

Petition for additional time within which to file petition for discharge in bankruptcy, based on illness of bankrupt's attorney and litigation with trustee, *held* not to show that bankrupt had been unavoidably prevented from filing petition within time allowed by Bankruptcy Act, § 14a (Comp. St. § 9598).

6. **Bankruptcy ⚙⟹444—Petition to revise an order in bankruptcy should be prosecuted formally in name of creditor.**

Petition to revise an order in bankruptcy, entered by district court, should be prosecuted formally in name of creditor.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of James H. MacLauchlan. On petition of Manton Marks to revise an order of the District Court, refusing to vacate an order granting additional time within which to file petition for discharge. Order reversed.

MacLauchlan became an adjudicated bankrupt on December 26, 1923, and made no application for discharge within a year from adjudication. On March 30, 1925, the court below granted, ex parte, an order that the bankrupt's time for such application be "extended until the expiration of 18 months" from his adjudication.

The bankrupt's affidavit or petition on which this order was based set forth (1) that between January and September he was "constantly" under examination before the referee; (2) that from May to September, also, his attorney was ill, in bed, and able to transact only such business as could "be done at his bedside"; (3) that his trustee had brought a turn-over proceeding against him, which at a time not stated, but evidently after September, 1924, had ended in a decision that the trustee must bring a plenary suit; (4) the trustee had (at a date not given) brought a suit against him and others to recover assets alleged to be concealed, which suit had been tried but a few days before petition verified, and was not stated to have been decided; (5) "there has not been a week, since the filing of the petition herein, that your petitioner has not had some occasion to consult his counsel, and up to the present said counsel has given his time without compensation of any kind."

A creditor with a duly proved claim, on learning of this order, moved to vacate it, on the ground that "no legal reason" had been shown entitling MacLauchlan to the extension given. This motion was denied, whereupon this petition to revise was filed.

Manton Marks, of New York City, for creditors.

Fred S. Rauber, of New York City, for MacLauchlan.

Before HOUGH and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Bankruptcy Act, § 14a (Comp. St. § 9598), provides that a bankrupt within "the next twelve months subse-

quent" to adjudication may apply for a discharge, and then continues thus:

"If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it [i. e., his petition for discharge] within such time [i. e., said 'next twelve months'], it may be filed within, but not after, the expiration of the next six months."

The question at bar is whether this bankrupt brought himself within the provisions of this section of the act, properly construed.

[1, 2] It has been repeatedly held, and we think correctly, that an application for the six months' extension is addressed to judicial discretion. It is recognized as true that what constitutes "unavoidable prevention" is a question that cannot be answered as certainly, nor be demonstrated as infallibly, as an arithmetical problem. In re Fritz (D. C.) 173 F. 560; In re Chase (D. C.) 186 F. 408; In re Churchill (D. C.) 197 F. 111. But an abuse of discretion may itself constitute error of law, and it is urged that what was done here constituted such abuse.

[3, 4] When used in its original sense of anticipation, to "prevent" nearly always suggests that some one is the object of prevention; but, when used in the usual modern sense of hindrance or preclusion, the word always means that some other entity is preventing action by the one prevented. In the act the word is, of course, used in the ordinary modern way, and we must hold that, when a bankrupt is "prevented" from applying for discharge, the hindrance or preclusion is a force outside himself, operating upon him; he cannot be prevented by his own disinclination to act.

A result that is "unavoidable" need not be absolutely inescapable; yet it is a very strong word, and such limitations as Maule, J., suggested for the *possibility* of retrieving a shilling from the Thames are about all that can be suggested. Result is that there must be a most compelling outside force, precluding a man by hypothesis honest and diligent from filing his petition, before any bankrupt can assert that he was "unavoidably prevented"; and we take judicial notice of the fact that drafting and filing a petition for discharge is a simple, short, and inexpensive affair.

Some reported cases either hold it a duty, or excuse an inclination to be lax in the interpretation of the section at bar, on the ground that the whole act manifests congressional intention to favor honest debtors. In re Jacobs, 241 F. 620, 154 C. C. A. 378; In

re Churchill (D. C.) 197 F. 111. We fail to see how that doctrine can change the meaning of words plainer than is usual in statutes; rather do we regard the section as indicating the limits set by the Legislature to its favor, even in respect of the most honest debtor.

We agree that a hard and fast definition of unavoidable prevention is not desirable, even if possible; but we insist on the necessity of external compulsion being an element in the excusing preclusion. Thus poverty and sickness, extreme and of long continuance have rightly been held to meet the test (In re Casey [D. C.] 195 F. 322), so would an error in the court clerk's office (In re Swain [D. C.] 243 F. 781), and the same result has followed from reliance on an unreliable attorney who let the twelve months go by unheeded (In re Waller, 249 F. 187, 16 C. C. A. 223). These decisions are illustrative of prevention, as an outside influence; they also illustrate how variably the potency of the "unavoidably" can be estimated.

In re Vaine (D. C.) 186 F. 535, is a good illustration of denying extension, though any discharge applied for within 12 months could only be itself denied, because 6 years had not elapsed from an earlier discharge in voluntary proceedings. Yet, as was properly held, this earlier discharge was the bankrupt's own doing, and could not constitute *prevention* within the statute.

[5] Turning, now, to the facts shown by this bankrupt, it is especially clear that he does not even assert as a conclusion that anything "prevented" action during the whole year of the statute; the nearest approach to it is his attorney's illness for some months, while, as to "unavoidably," there is no pretense of it.

The real reason for the application is plain enough, from parts of the petition not heretofore alluded to. It is alleged, with evident truth, that MacLauchlan expected a bitter contest with his creditors over his right to a discharge; he had had two litigations with them, or some of them, already, and he wanted time wherein to gird up his loins for another struggle over the discharge. This is a perfect illustration of a bad reason for such an order as this.

[6] The practice pursued in this matter is bad. The petition should have been formally in the name of the creditor; but, as neither side has referred to the matter in brief or argument, we have considered the merits, and merely point out that this record is not a precedent procedurally.

Order reversed with costs.