In re LA ROSA.

Petition of NATHANIEL FISHER & CO.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

No. 33.

1. Bankruptcy ⟨⟩410.

Motion for extension of time within which to apply for discharge in bankruptcy, under Bankruptcy Act, § 14a (Comp. St. § 9598), is addressed to reasonable discretion of court.

2. Bankruptcy ⟨⟩410—Extension of time within which to apply for discharge because of bankrupt's illness occurring during last three weeks of time to apply therefor held justified (Bankruptcy Act, § 14a [Comp. St. § 9598]).

Extension of time within which to apply for discharge in bankruptcy, under Bankruptcy Act, § 14a (Comp. St. § 9598), because of bankrupt's illness, was justified, notwithstanding bankrupt waited until last three weeks of twelve-month period allowed for such application before applying for discharge during which three weeks he became ill.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Rosario La Rosa, bankrupt. The bankrupt's petition for extension of time in which to apply for discharge, under Bankruptcy Act, § 14a (Comp. St. § 9598), was granted, and to review an order denying its motion to vacate such order Nathaniel Fisher & Co., a creditor, petitions to revise. Order affirmed.

Remington & Meek, of New York City (Basil H. Pollitt, of Newark, N. J., and Edward M. Meek, of New York City, of counsel), for petitioner.

Before MANTON, HAND, and MACK, Circuit Judges.

MANTON, Circuit Judge. The petition asking for an extension of time to file an application of the bankrupt for his discharge in bankruptcy, invoking in support thereof section 14a of the Bankruptcy Act (Comp. St. § 9598), sets forth that the petitioner was adjudicated a bankrupt on September 13, 1924; that he surrendered all his property and rights to property, and has complied with the requirements of the Bankruptcy Act and of all the orders of the court touching his bankruptcy. It asserts "that your petitioner has been ill since the latter part of August, 1925, and has not been well until on or about December 15, 1925." It asserts that he could not cause his petition for his discharge as a bankrupt to be filed before because of this, and that he was obliged to incur obligations for the payment of counsel and advertising fees, and because of his illness he was unable to earn anything with which to meet these obligations. The petition to vacate the order extending the time in no way controverts the claim of illness set forth.

[1, 2] The question is presented whether the bankrupt could wait until the last 3 weeks of the 12-month period, during August and up

to the 13th of September, before applying for his discharge, and then be excused because illness befell him. It is a sufficient reason within the statute to establish that the bankrupt was sick and thus unavoidably prevented from applying for his discharge. In re Waller, 249 F. 187, 161 C. C. A. 223; In re Casey (D. C.) 195 F. 322; In re Agnew & Sherman (D. C.) 225 F. 650. The motion is addressed to the reasonable discretion of the court. The bankrupt would expect to apply for his discharge in the latter part of the statutory period in the ordinary course,.and, having waited until the latter part of the period, he should not be deprived of the rights accorded him under the statute. In the exercise of a reasonable discretion, the District Judge was justified in holding that he was unavoidably prevented and in extending further time in view of his illness. In re MacLauchlan (C. C. A.) 9 F.(2d) 534.

Order affirmed.