In re SULLIVAN.

Ex parte KOHN.

No. 110.

Circuit Court of Appeals, Second Circuit.
Dec. 19, 1932.

Karelsen & Karelsen, of New York City (Morton G. Rosenberg, of New York City, of counsel), for appellant Moses Kohn.

Matthew B. Price, of New York City (Guernsey Price and Matthew B. Price, both of New York City, of counsel), for appellee John G. Sullivan.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

This bankrupt was in poor health, alarmed about his physical condition, disturbed by his mother's illness, and earning only $30 per week, from which he had to pay doctors' and apothecary's bills as well as living expenses. His reasons for obtaining an extension of time to apply for a discharge excite sympathy, but do not furnish a legal excuse. The words of section 14a of the Bankruptcy Act (11 USCA § 32 (a) covering an extension of time to apply for a discharge limit extensions to cases where the bankrupt is "unavoidably prevented" from filing his application "within the next twelve months subsequent to being adjudged a bankrupt." We have held that inability to pay for filing an application for a discharge is not ordinarily the kind of "unavoidable prevention" recognized by the statute. In re Lansley (C. C. A.) 15 F.(2d) 471; In re MacLauchlan (C. C. A.) 9 F.(2d) 534. Sickness may be, and at times is, an excuse. In re La Rosa (C. C. A.) 15 F.(2d) 373. But here, in spite of the bankrupt's illness, he drew his regular wages, had no one dependent upon him, and was able to work most of the time after he left the sanatorium in November, 1930. If the statute is not to be frittered away, this bankrupt cannot be classed among those "unavoidably prevented" from applying for a discharge. It must be remembered that bankrupts are in general without means other than their current earnings. This bankrupt was in as good financial condition as many, if not most, bankrupts. He was able to do his work, to earn his salary, to secure funds to enable him to visit his mother in Mobile, and in the end to apply for the extension and to file a petition for a discharge though apparently in no better financial condition than in the last six months of the year after his adjudication. In such circumstances we cannot hold that he was subjected to that sort of "compelling outside force, precluding a man by hypothesis honest and diligent from filing his petition,"

which amounts to unavoidable prevention. In re MacLauchlan (C. C. A.) 9 F.(2d) 534. Though he had slender resources and suffered from apprehension and illness, he was able to work most of the time and to earn a moderate salary. He cannot be said to have been "unavoidably prevented" from filing his petition for a discharge within the twelve months. As we said in Re MacLauchlan, 9 F.(2d) 534, 535, the drafting and filing of a petition for a discharge is a "simple, short, and inexpensive affair." Indeed, we can hardly see why it was not as easy to prepare and file it in time as to prepare and file the papers for the extension.

In our opinion, the bankrupt was not justified in applying for an extension, and we are constrained to hold that it should not have been granted.

Order reversed.