896

## BURBANK LUMBER CO. v. CHURCH.
### No. 7276.

Circuit Court of Appeals, Ninth Circuit.

March 19, 1934.

Robert E. Ford, James C. Sheppard, and Mathes & Sheppard, all of Los Angeles, Cal., for appellant.

W. Cloyd Snyder, Ben. F. Griffith, and Malcolm Archbald, all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

Henry A. Church was adjudicated a bankrupt on November 27, 1931, therefore the twelve months' period within which he might apply for discharge expired on November 27, 1932. Bankruptcy Act, § 14a; U. S. Code, title 11, chapter 3, § 32 (a), 11 USCA

§ 32 (a). On the 29th day of November, A. D. 1932, the bankrupt executed his petition for discharge; accompanying the petition was the affidavit of the bankrupt, sworn to on the 7th day of December, 1932, in which, among other things, he deposes and says: " * * * That more than one year has elapsed since the date of his adjudication; that he is filing herewith his petition for discharge, together with certificate of compliance. The reason that the petition for discharge was not filed within twelve months from the date of adjudication is that he did not have the money prior to the expiration of the said year with which to pay the costs of publication of the notice of hearing thereon and could not procure the same until after the expiration of said date. Affiant states that he has procured the costs of the said publication and respectfully requests the court to extend the time within which his petition for discharge may be filed, and by reason thereof, permit the filing of said petition at this time." These papers were filed with the clerk of the District Court on December 12, 1932, and the judge entered an order granting an extension of time to the bankrupt within which to file his petition for discharge, and on the same day an order was entered for the hearing of said petition.

On the 28th of January, 1933, a motion by appellant to vacate and set aside said order granting an extension of time in which to apply for a discharge was made, "upon the ground that said bankrupt had not made sufficient showing to the effect that he has been unavoidably prevented from filing his application for discharge within the time required by the Bankruptcy Acts."

Subsequent to the filing of this motion, attorneys for the bankrupt served upon appellant copies of two affidavits in opposition to the said motion. One of these affidavits was by the attorney for the trustee in bankruptcy in said matter, in which he deposes that from the time of the adjudication of the bankruptcy, there had existed a controversy as to the title of certain property, which was not settled until about the first week in November, 1932, and that prior to the settlement of said controversy, the affiant had advised the attorney for the bankrupt that he would oppose the issuance of the certificate of compliance; that upon the settlement of the controversy, the affiant stated that he would request the issuance of said certificate of compliance, said controversy having been settled by compromise, and on or about November 4, 1932, he wrote a letter to the at-

torney for said bankrupt stating that the certificate of compliance would be issued upon receipt of a check for $9.80, which should be forwarded to the referee. The other affidavit was by the attorney for the bankrupt, corroborating the affidavit made by the attorney for the trustee, and also alleging that on November 9, 1932, upon receipt of the letter, he advised the bankrupt and requested the remittance of the $9.80 with which to procure the said certificate of compliance; that the bankrupt informed his attorney that he had no funds, and thereupon affiant called upon the brother of the bankrupt, requesting such funds, and was informed that he would pay the said amount; that on November 15, 1932, affiant, not having received said sum, forwarded to the referee his own check with the request for the immediate issuance of the certificate of compliance, and thereafter, on or about the 22d day of November, 1932, affiant received from the referee a letter enclosing said certificate.

Thereafter, on the 27th day of February, 1933, the motion of the appellant to vacate and set aside the order granting the extension of time for the bankrupt to file his petition for discharge was granted, without prejudice to the filing of a second petition for discharge.

On March 16, 1933, the District Court made a second order extending the time for the bankrupt in which to file his petition for discharge in bankruptcy.

In support of his application for the second order extending time, there was presented to the court the certificate of the referee in bankruptcy, wherein he recommended as follows:

"That more than twelve months, and less than eighteen months, have elapsed subsequent to the adjudication of bankruptcy herein, to wit, November 20, 1932 [sic.]

"That from the proceedings had before the Referee, and from information obtained and investigation made by the Referee, the Referee is of the opinion that the extension of time applied for should be granted. From said proceedings and upon said information and investigation, the Referee therefore suggests and recommends that the extension of time be granted."

With this certificate of the referee there were filed supporting affidavits, restating with some elaboration the matters hereinbefore set forth, as being contained in the affidavits of the attorney for the trustee and the attorney for the bankrupt.

In the affidavit of the attorney for the bankrupt he specifically states that prior to the settlement of the controversies, elsewhere referred to, and on several occasions the said bankrupt had inquired concerning the discharge, and the attorney had advised at all times that a petition for a discharge in bankruptcy would not be entertained by the court until a certificate of compliance was first obtained from the referee.

In his affidavit the bankrupt sets forth: "That on or about two months subsequent to the adjudication of affiant as a bankrupt and many times thereafter, affiant mentioned to his attorney * * * his desire to obtain his discharge * * * and that at all of said times the said attorney informed affiant that it would be impossible and useless to take any steps to obtain his discharge until the Referee's certificate of compliance had first been obtained and filed; that affiant relied upon the advice of his counsel given him as aforesaid and believed that the issuance of the certificate of compliance was a necessary prerequisite and preliminary to petitioning for his discharge as a bankrupt."

The bankrupt further in his affidavit deposed that prior to November 1, 1932, he had communicated to the trustee and to the attorney for the trustee his desire to file his petition for discharge, and that said attorney had stated he would oppose the discharge and the issuance of a certificate of compliance until all controversies in respect to the property had been settled, and in support of this allegation refers to the affidavit of said attorney for the trustee, and further avers that the controversies were not settled until some time in the first week of November, 1932.

Thereafter, on the 31st day of May, 1933, a motion by appellant to vacate and set aside the second order granting an extension of time to apply for discharge was made upon the ground that the bankrupt, appellee, had not made a sufficient showing to the effect that he was unavoidably prevented from filing his application for discharge within the twelve-month period prescribed by the Bankruptcy Act. Said motion was duly presented, argued, and by order of the court denied; an exception being allowed. Thereafter, appellant petitioned for a rehearing of said motion to vacate, which was denied by order of the court and an exception allowed. Thereafter, on the 26th day of June, 1933, an order was made granting to appellee his discharge in bankruptcy, from which order this appeal is prosecuted.

The questions presented by this appeal are:

Did the District Court err in finding and concluding that the showing made by the bankrupt that he was unavoidably prevented from applying for his discharge in bankruptcy within the twelve-month period was sufficient; and, did the court err in entering an order of discharge?

 A hard and fast definition of unavoidable prevention is not possible. The motion is addressed to the discretion of the court to be exercised under the circumstances in the particular case. In re Goldstein (D. C.) 40 F.(2d) 539; In re MacLauchlan (C. C. A.) 9 F.(2d) 534, 535. Here the bankrupt had been advised by counsel that the petition for discharge could not be filed until the controversy relating to the property had been settled, and until he had received the certificate of compliance. He therefore did not attempt to file a petition for discharge until these requisites had been met. The application actually was made within a few days of the time limit. On the facts presented to the District Court it would be too strict a construction of the statute not to have granted permission to the bankrupt to file his petition. In the exercise of a reasonable discretion the District Court was justified in holding that the bankrupt was unavoidably prevented from applying for his discharge and extending further time, and in granting the order of discharge we cannot say that the District Court committed error or abused its discretion. In re Swain (D. C.) 243 F. 781; In re Waller (C. C. A.) 249 F. 187; In re La Rosa (C. C. A.) 15 F.(2d) 373; In re Churchill (D. C.) 197 F. 111; In re Casey (D. C.) 195 F. 322.

Order affirmed.