[redacted]

## In re EWING.

District Court, D. New Jersey.
Sept. 27, 1934.

[redacted]

[redacted]

[redacted]

Frederic M. P. Pearse, of Newark, N. J., and Edward W. Wise, of Red Bank, N. J., for bankrupt.

FAKE, District Judge.

Section 14a of the Bankruptcy Act, as amended by Act May 27, 1926 (11 USCA § 32 (a), provides as follows: "Any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

286

The petitioner here, Eden S. Ewing, filed a voluntary petition in bankruptcy in this court on the 27th day of March, 1933, and on the same day an order of adjudication was entered. Thirteen months and twenty-nine days later, or on May 26, 1934, a petition for discharge was forwarded to the clerk of this court, who returned it to bankrupt's attorney because it was not filed within the twelve months next succeeding the adjudication. In this the clerk was fully justified, since he had no authority under the statute than to reject it.

Thereafter, on the 25th day of September next ensuing, a petition was filed in this court seeking permission of the court to file the petition for discharge after the lapse of the twelve months upon the ground that the bankrupt was unavoidably delayed in filing the same. This application, of course, comes within the strict limitation period or within the next six months succeeding the twelve month period.

In dealing with this statute it should be borne in mind that the act is itself intended to aid honest and unfortunate bankrupts, who, however, must be held to a strict compliance with the act if they are to enjoy its benefits, and it should be emphasized that the particular section with which we are here dealing does not refer to bankrupt's agents or attorneys, but to the bankrupt himself. So where an application is made for a discharge after the lapse of twelve months, we must look strictly to the bankrupt's conduct and not limit our inquiry to the conduct of his agent or attorney.

In the instant case, it appears that the bankrupt retained a lawyer and instructed him to pursue the proceedings to and including the obtaining or rejection of his discharge. The attorney failed to file the petition within twelve months through an oversight in his office. In the interim, the bankrupt has rested secure in the conviction that his attorney had proceeded expeditiously in his behalf, and he had every reason to believe that the statutory as well as all other requirements were being properly attended to. This act is not intended to punish oversights in good faith on the part of reputable members of the Bar. It is intended to limit bankrupts, and those bankrupts who are unavoidably delayed in filing their petitions have the benefit of six months' period of grace. Here it appears that the bankrupt did all that might reasonably be required of him when he relied upon counsel, and his attorney's neglect cannot in sound logic be attributed to him. He, therefore, in this instance was unavoidably delayed in filing his petition for discharge through inadvertence of counsel, and through no neglect of his own.

There are decisions which upon a hurried reading seem to conflict with the conclusion to which I have come in this case. In re Malta (D. C.) 58 F.(2d) 771, and In re Sullivan (C. C. A.) 62 F.(2d) 245, are examples where the defaults were those of the bankrupt himself. In re Taylor (C. C. A.) 22 F.(2d) 499. This case turned on the unverified petition of the bankrupt alone to the effect that he had retained an attorney who failed to file his petition in time.

The better view to take of this act is that expressed by District Judge Geiger in passing upon an order made by Judge Sanborn in Re Churchill (D. C.) 197 F. 111, 113, in which he said: "However, I think that the terms should be given a broader construction. The fact that the bankrupt is given nearly a year within which to file his application, and that such time can be enlarged six months, indicates that Congress was disposed to be rather liberal. If the terms are narrowly construed as above suggested, a situation would rarely arise in which the bankrupt could satisfy that construction. In other words, it would not happen very frequently, if ever, that a bankrupt would be 'unavoidably prevented' for a period of a full year from preparing and filing the petition for discharge. It seems to me that the act was intended to provide a remedy for situations which were likely to occur—and which would occur, not through the intervention of overruling obstacles as above indicated, but rather through excusable neglect, reasonable grounds for delay, mistake, possibly inadvertence, and the like. That is, it was contemplated that a bankrupt might default, as parties to litigation frequently default, in the performance of an act within a limited time, and that a further time in the discretion of the court be allowed to relieve from the consequences of such default. This seems a more reasonable construction to be given the words in question. While it may be claimed that a delay occasioned through a misunderstanding as is alleged fails not only to show that the bankrupt was 'unavoidably prevented,' but also fails to show a reasonable excuse, it is equally true that a different view is possible; that if a bankrupt in good faith represents to the court his reliance upon counsel, and counsel appear to have misunderstood their client's instructions, the default is explained in an entirely reasonable manner,

and if, upon such explanation, the judge is satisfied, it seems to me he has exercised a discretion which ought not to be disturbed." As further bearing upon this view of the statute, see In re Daly, 224 F. 263.

Let the petition now be filed with the provision that the matter of discharge be heard only upon notice to all the creditors and parties in interest as provided by statute.