### In re MORSE.

(District Court, E. D. New York. February 23, 1909.)

BANKRUPTCY (§ 410*)—DISCHARGE—TIME FOR APPLICATION—POWER TO EXTEND.

> In view of the provision of Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), limiting the time within which application for a discharge may be filed to 18 months, even when the bankrupt was unavoidably prevented from filing it within the year prescribed, a court of bankruptcy has no power to open an adjudication entered on default in involuntary proceedings, and make a new one, to per-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mit the bankrupt to file an application for a discharge, which he neglected to do within the time prescribed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 410.*]

In Bankruptcy. On application to open adjudication.

Armstrong, Brown & Boland (Pierre M. Brown, of counsel), for bankrupt.

Ralph J. M. Bullowa (Walter E. Meyer, of counsel), for creditor.

CHATFIELD, District Judge. The situation in this case is exactly similar to that of In re Schnabel (recently decided) 166 Fed. 383. The bankrupt would seem to have been in a position to apply for a discharge in an involuntary proceeding brought against himself upon certain debts and obligations growing out of the insolvency of a corporation whose paper he had indorsed. The adjudication of the petitioner as an individual was had upon the 15th day of March, 1904, and although the time of the bankrupt had been kept open, for the purpose of answering or pleading, for some days after the return, no answer was filed, nor was any question raised in the proceeding, and the matter has been finally closed.

In order to avoid the difficulties of the questions raised in the Schnabel Case, supra, the bankrupt has moved to open the adjudication, and for leave to apply for a discharge therein; it appearing that he at that time had, and has now, no assets, so that the creditor's rights are not injured thereby. As has been said, it seems, for the reasons stated in the Schnabel Case, impossible to allow, indirectly, relief in a matter as to which the bankrupt has allowed a default, and has thus put himself in a position of having been refused a discharge.

It is suggested on behalf of the bankrupt that this court has power to control—that is, to open—an adjudication made by it at any time, where the circumstances show that no change of relation between the parties has occurred, and where no injustice would result. It has been held that a proceeding in bankruptcy is continuous, in the sense that the sessions of the bankruptcy court are not divided by statute into terms. In re Ives, 113 Fed. 911, 51 C. C. A. 541. For this reason a decree in bankruptcy does not become a judgment, which after the expiration of the term can be changed only on appeal, or to correct clerical mistakes. Nor, under the present application, is any such question as the power of a court of equity, when fraud appears, to be considered.

The present motion is not based upon allegations of fraud, mistake, or error of law in the adjudication. The bankrupt admits that he not only allowed (and to a certain extent consciously allowed) the default at the time of the entry of the adjudication, but that he neglected to apply for a discharge within the period specified for that purpose; and, further, it now appears from the record that one of the creditors in the bankruptcy proceeding against the corporation, upon whose notes the present individual bankrupt was indorser, has sued him upon that indorsement, that because of his lack of discharge he could pre-

sent no defense to the suit, that judgment has been obtained, and that upon supplementary proceedings he is shown to have a salary which may be reached, to a certain extent, under the laws of the state of New York. If the only question involved were that of opening a default, the court would feel disposed to grant the motion, as no one's rights would seem to be materially injured by the change of status since the adjudication. But section 14 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), after providing that "after the expiration of one month, and within the next twelve months subsequent" to adjudication, a discharge may be applied for, provides specifically:

"If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

Congress has thereby limited the period within which, even in the case of unavoidable necessity, an application for discharge can be granted, and while in the present instance great hardship would seem to be involved, it would be much more dangerous to attempt to restore conditions by opening an adjudication, and thus to get around the entire system of proceedings under the bankruptcy law, than the equities of any particular case would justify.