In re WALLER.

NATIONAL CITY BANK OF CHICAGO v. WALLER.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1918.)

No. 2499.

BANKRUPTCY ⇐410—DISCHARGE—ENLARGEMENT OF TIME FOR FILING APPLICATION.

Under Bankruptcy Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (Comp. St. 1916, § 9598), which authorizes the judge to enlarge the time for filing an application for discharge, when it is made to appear that the bankrupt was unavoidably prevented from filing it within the year prescribed, a motion for such enlargement is addressed to the reasonable discretion of the court, and it is sufficient to sustain an order granting the same that bankrupt relied on his attorney, who promised to file the application within the year, but that he became ill three months before the expiration of the year, and at that time was in a sanitarium, and that bankrupt did not know that application had not been filed.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Illinois; George A. Carpenter, Judge.

In the matter of Edward C. Waller, Jr., bankrupt. On petition of the National City Bank of Chicago to review an order permitting bankrupt to file application for discharge after the expiration of a year from the adjudication. Petition denied.

Adjudication in bankruptcy was had in this cause on April 5, 1916. No application for discharge was filed within the period of 12 months subsequent to adjudication. On April 20, 1917, 12 days after the expiration of the 12 months' period, the District Court entered an order allowing the bankrupt to file instanter his petition for discharge, which he did. Afterwards, and on May 19, 1917, the bankrupt filed, nunc pro tunc as of April 20, 1917, his further verified petition for leave to file his petition for discharge, setting out the grounds. From that petition it appears that bankrupt instructed his attorney to procure his discharge as soon as it could be done, and relied wholly upon the attorney to secure it; that from time to time he consulted his attorney on the matter, and was assured by him that he would attend to the matter; that for the 3 months next preceding the last day for filing his application for discharge his said attorney was sick, and for about a month of that time in a sanitarium at Battle Creek, Mich.; that owing to the situation, and to the bankrupt's reliance upon his attorney's promises aforesaid, together with the attorney's said illness, the bankrupt was unavoidably prevented from filing his petition for discharge within the statutory period. The petition thereupon prays for an extension of time to file the same. No new order was entered after the filing of the nunc pro tunc petition. The order extending the time and granting leave to file his application was entered without notice to any one.

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

From the petition to review and revise it appears that at the time adjudication was had there was pending in the superior court of Cook county, Ill., a suit brought by the petitioner herein against said bankrupt, in which the summons had been duly served, which was suspended by the filing of his voluntary petition in bankruptcy; that after the lapse of the 12 months succeeding his adjudication as a bankrupt, and on April 16, 1917, plaintiff in that case, petitioner herein, proceeded to judgment in said cause by default, for the sum of $5,555.15. Thereafter, when the bankrupt sought to ascertain why judgment was entered notwithstanding the bankruptcy proceedings, he was advised by petitioner's attorney that his (Waller's) time in which to file his application for discharge had expired. On April 20, 1917, the bankrupt advised the attorney for the petitioner of the order obtained that day for an extension of time to file his application. The petition herein to review sets out, further, that on April 30, 1917, the petitioner presented to the District Court its motion to vacate the order entered on April 20, 1917, extending the time to apply for discharge and granting other relief, together with an affidavit in support thereof, which motion was duly postponed to May 12, 1917, and on that date denied; that the notices, petitions, motions, and orders are all the motions, petitions, notices, steps, papers, and orders filed in said cause having any bearing on or pertaining to said petition for discharge. This affidavit purports to enumerate what evidence was before the court on the hearing of the motion to vacate.

The petition herein is brought to review and revise the order of May 12, 1917, overruling and denying said motion to vacate.

G. L. Wire, of Chicago, Ill., for petitioner.

John A. Bloomingston, of Chicago, Ill., for respondent.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). We are unable to find from the petition herein that all the matters which were before the District Court have been here produced. Moreover, we are of the opinion that the order of the District Court should stand for other reasons. Section 14a of the Bankruptcy Act here involved reads as follows:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

The motion to enlarge the time to file the application for discharge at any time before the expiration of the 18 months' period is one addressed to the reasonable discretion of the court. In re Fritz (D. C.) 173 Fed. 560; In re Chase (D. C.) 186 Fed. 408; In re Churchill (D. C.) 197 Fed. 111; In re Swain (D. C.) 243 Fed. 781.

In the present case we are unable to say that the District Judge abused that discretion or exceeded his powers. The Bankruptcy Act was passed, among other things, to ameliorate the condition of certain debtors and for a benevolent purpose, and should not be harshly construed. In the case at bar it was not obligatory upon the bankrupt or his attorney to have made application for a discharge at some time prior to the last three months of the year succeeding the adjudication in order to escape the charge of negligence. He is chargeable

with only reasonable diligence in that respect, and might well assume that the application for discharge could be safely left till towards the end of the 12 months' period, and may claim the benefit of such unavoidable causes as excuse the failure to apply for discharge within the 12 months arising at any time prior to the expiration of the 12 months' period succeeding adjudication. The rule is well stated by Judge Geiger in In re Churchill, supra.

The motion to review and revise is denied.