## In re BALZER.

(District Court, S. D. California, S. D. March 30, 1926.)

### No. 6607–B.

**1. Trial ⬥==18.**

Court may not abuse discretion, and to do so is itself error of law.

**2. Bankruptcy ⬥==410—Additional time to file petition for discharge in bankruptcy not granted, because of bankrupt's absence from district, time required for administration of estate, and inadvertence of counsel (Bankruptcy Act, § 14a [Comp. St. § 9598]).**

That administration of bankrupt's estate took more than a year, that bankrupt was required to be away from district most of time since adjudication, and inadvertence of counsel *held* not to show that bankrupt was unavoidably prevented from filing petition within time allowed by Bankruptcy Act, § 14a (Comp. St. § 9598), so as to authorize granting of additional time.

In Bankruptcy. In the matter of J. F. Balzer, bankrupt. On petition for additional time in which to file petition for discharge. Petition denied.

Simpson & Simpson, of Pasadena, Cal., for petitioner.

HENNING, District Judge. The petitioner, J. F. Balzer, was adjudged a bankrupt in this court on the 27th day of September, 1924, and the estate went through the usual routine for administration. On the 26th day of March, 1926, a petition was filed on behalf of the said Balzer, by his attorney, asking that an order be made extending for six months the time in which petitioner might file his petition for discharge.

The reasons set up as a basis for the petition were substantially as follows: That the administration of the estate took more than one year, that the requirements of the petitioner took him away from this district during most of the time since the adjudication, and that from just before the expiration of one year after the adjudication until the present time the petitioner has been in other parts of the United States, because of the interests of his business, and has not been and is not now within this district, and inadvertence of counsel.

This petition is filed under the provisions of section 14a of the Bankruptcy Act (Comp. St. § 9598), and particularly under that portion thereof which reads as follows: "If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it [i. e., his petition for discharge] within such time [i. e., said 'next twelve months'], it may be filed within, but not after, the expiration of the next six months."

The attorney for the petitioner assumed, when presenting the same, that the question of extending the time within which to file petition for discharge is one wholly within the discretion of the court. This was based upon many decisions which so held. The question of fact involved, of course, is whether or not the statement presented to the court amounts to the bankrupt being "unavoidably prevented" from filing it within the twelve-month period. No definite inviolable rule can be laid down as to what facts fulfill the requirement of the quoted words.

[1] It is, of course, fundamental that the court may not abuse a discretion, and that to do so is itself an error of law. This question has been very fully discussed in the recent case of In re MacLauchlan, 9 F.(2d) 534, by the Circuit Court of Appeals of the Second Circuit, in an opinion by Circuit Judge Hough:

"We agree that a hard and fast definition of unavoidable prevention is not desirable, even if possible; but we insist on the necessity of external compulsion being an element in the excusing preclusion. Thus poverty and sickness, extreme and of long continuance, have rightly been held to meet the test (In re Casey [D. C.] 195 F. 322); so would an error in the court clerk's office (In re Swain [D. C.] 243 F. 781), and the same result has followed from reliance on an unreliable attorney, who let the twelve months go by unheeded (In re Waller, 249 F. 187, 161 C. C. A. 223). These decisions are illustrative of prevention, as an outside influence; they also illustrate how variably the potency of the 'unavoidably' can be estimated."

[2] There is nothing in the petition for extension of time in the case at bar to bring it within the cases cited in the foregoing quotation, nor is there anything foreign which in my judgment brings it within the language of the statute or anywhere near it. Clearly the petitioner himself has been negligent and is alone at fault.

The petition is denied, as not setting up facts which would authorize the court to grant it under the provisions of section 14a of the Bankruptcy Act. It is so ordered.[1]

---

[1] On renewal of petition for extension of time to apply for a discharge the following order of the court, by District Judge McCormick, was made April 10, 1926:

Application for extension of time in which bankrupt may file petition for discharge herein under section 14a of National Bankruptcy Act having been presented to me, on account of absence of Judge Henning from this district, and it appearing that he will be absent until after expiration of time when this application could be made, I have considered the same upon the showing now made by additional verified petition of H. G. Simpson, and other files of this matter, and I am of the opinion that there is now sufficient showing under Judge Henning's opinion of March 30, 1926, and accordingly the petition annexed hereto is granted.