## In re LANSLEY.

### Petition of LEWIS et al.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

No. 50.

1. **Bankruptcy ⟨⟩410—Petition for extension of time for discharge, because of insufficient funds to pay expenses and absence from jurisdiction, held insufficient on its face (Bankruptcy Act, § 14 [Comp. St. § 9598]).**

Petition for extension of time beyond that allowed under Bankruptcy Act, § 14 (Comp. St. § 9598), for discharge, alleging bankrupt was unavoidably prevented from filing application within time because of insufficient funds to pay expenses, and because of absence from jurisdiction, *held* insufficient on its face.

2. **Bankruptcy ⟨⟩410.**

Excuse that bankrupt was without sufficient funds to pay expenses of proceedings *held* insufficient for extension of time to apply for discharge beyond that prescribed by bankruptcy Act, § 14 (Comp. St. § 9598).

3. **Bankruptcy ⟨⟩410.**

Excuse that bankrupt was almost continuously without jurisdiction since adjudication *held* insufficient to warrant extension of time for discharge beyond that prescribed by bankruptcy Act, § 14 (Comp. St. § 9598), in view of fact that he was within jurisdiction several times for examination under section 21a (Comp. St. § 9605).

4. **Bankruptcy ⟨⟩417(2).**

Apart from power of court, under Bankruptcy Act, § 15 (Comp. St. § 9599), to revoke discharges within one year, court may vindicate its own rights to protect against deception and fraud.

5. **Bankruptcy ⟨⟩417(2).**

Where order granting extension of time to apply for discharge was improvidently granted, subsequent order of discharge must be vacated.

**6. Bankruptcy ⬤⇒417(4)—Delay in moving to vacate order extending time for bankrupt's discharge only until locating bankrupt after learning thereof held not laches.**

Delay in moving to vacate order extending time for bankrupt's discharge and order of discharge *held* not laches, where proceeding was started as soon as movants learned of discharge and located bankrupt, who was without jurisdiction.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of William J. Lansley. Motions to vacate an order, entered on June 15, 1925, without notice, extending bankrupt's time in which to apply for discharge, and an order of August 28, 1925, granting his discharge were denied (12 F.[2d] 269), and Oscar A. Lewis, as trustee, and another, petition to revise. Reversed.

See, also, 7 F.(2d) 888.

Saul S. Myers, of New York City (Bernard Hershkopf, of New York City, of counsel), for petitioners.

Lee, Donnelly & Curren, of New York City (Joseph F. Curren, of New York City, of counsel), for respondent.

Before MANTON, HAND, and MACK, Circuit Judges.

MANTON, Circuit Judge. William J. Lansley was adjudicated a bankrupt on May 15, 1924. Under section 14 of the Bankruptcy Act (Comp. St. § 9598) he had one year within which to apply for his discharge. During this period he was examined as to his assets under section 21a of the Bankruptcy Act (Comp. St. § 9605). On May 17, 1925, he petitioned for an extension of his time to apply for his discharge. The reasons advanced for his being unavoidably prevented from having applied for his discharge theretofore are stated to be that "he was unavoidably prevented from filing an application for a discharge within twelve months after such application for the following reasons: He was without sufficient funds to pay the expenses of such proceeding and the counsel fees incident thereto, it appearing that the trustee or some of the creditors intend to oppose the application; he also has been out of the jurisdiction almost continuously since the adjudication, except during such times as the attorney for the trustee desired to examine him concerning his property; such absence being for the purpose of attempting to secure employment, which efforts up to the present time have been without success; and finally, he is informed that the attorney for the trustee desires to continue the examination of your petitioner under and pursuant to the provisions of the Bankruptcy Act; that such examinations have been had from time to time over the period of the entire year since the adjudication and are still pending; that he desired to file such application and secure a discharge."

[1-3] They are insufficient on their face and do not support the order entered thereon. The statute permits an adjournment of the time only when it is made to appear to the judge before whom the application comes that the bankrupt was unavoidably prevented from filing his application within such time. See section 14 of the Bankruptcy Act. The excuse that he was without sufficient funds to pay for the expense of such proceedings and the counsel fees incident thereto is based upon no pleaded facts to establish such a conclusion. Such an excuse, as stated, is insufficient, for the reason, which we recognize in Re Mac-Lauchlan (C. C. A.) 9 F.(2d) 534, "that drafting and filing a petition for discharge is a simple, short, and inexpensive affair." Indeed, it appears in this record that the bankrupt advanced $200 to his attorney for services in this proceeding, $1,000 in the litigation in Delaware, and $500 for the litigation in New Jersey, all arising out of his present bankruptcy. The reason stated, that he was without the jurisdiction of the court almost continuously since the adjudication, is answered by the fact that he alleges he was within the jurisdiction many times, owing to his being examined in the bankruptcy proceedings. This excuse is insufficient in law. In re Balzer (D. C.) 12 F.(2d) 94. Assuming he was without the jurisdiction of the court, he might have signed his petition without the state, and have presented it within the statutory period. The reason advanced that the attorney for the trustee desired to continue his examination from time to time over the entire year does not appear to have been a prevention.

[4, 5] The court has power under section 15 of the Bankruptcy Act (Comp. St. § 9599) to revoke discharges within one year after they are granted, but apart from such statutory power it has the inherent power to vindicate its own rights and to protect against deception and fraud. In re Louisville Nat. Banking Co., 158 F. 403, 85 C. C. A. 513; In re Applegate (D. C.) 235 F. 271; In re Goldenberg & Halbert (D. C.) 286 F. 292; In re Bimberg (D. C.) 121 F. 942. The order of June 15th was improvidently granted, and it follows that the order of August 28, 1925, falls with it and must be vacated, unless the

petitioners were guilty of laches on this motion.

[6] But there were no laches. The discharge was granted August 28, 1925. The attorney for the petitioners, by affidavit, states that he did not learn of it until the end of September, 1925. The bankrupt was without the jurisdiction of the court and could not be found. On January 25, 1926, the proceeding to set aside the discharge was started by the service of an order to show cause upon the bankrupt's attorneys. It was objected that the bankrupt was not personally served. He was located in Florida and substituted service, both personal and by registered mail, was then made, while he so remained.

Such delay, under these circumstances, does not amount to laches, which would require us to deny the present application.

Orders reversed.