## In re TAYLOR.

### Ex parte ELDER.

Circuit Court of Appeals, Second Circuit. November 14, 1927.

No. 58.

Bankruptcy ⬲410—Negligence of bankrupt's attorney in failing to timely file petition for discharge held not sufficient to entitle bankrupt to extension of time.

Bare negligence and failure of bankrupt's attorney to file petition for discharge within time required by statute *held* not to show that bankrupt was unavoidably prevented from petitioning for discharge, entitling him to extension of time to apply for discharge.

Appeal from the District Court of the United States for the District of Connecticut.

In the matter of Henry A. Taylor, bankrupt. Genevieve Holdroyd Elder appeals from order extending time of bankrupt to apply for discharge. Order reversed, and petition for extension denied.

The adjudication was on April 11, 1925, and on June 15, 1926, the bankrupt filed an unverified petition, alleging that he did not know that he was required to file his petition "within 13 months from said 11th day of April, 1925, and for that reason did not file it before November of that year; that in November he went to Florida for the purpose of attending to some business matters and has just now returned." On June 23,

1926, the judge granted the prayer of this petition by an order which on July 31, 1926, the appellant, a creditor, moved to vacate by rule nisi. While the rule was pending the bankrupt filed a second unverified petition on September 1, 1926, amending the first, and alleging that he had employed an attorney in Connecticut "to file his bankruptcy schedules, and to take whatever action might be necessary to obtain an adjudication and a final discharge, and thereafter relied entirely upon said attorney. Said attorney failed and neglected to file a petition for discharge within the time required by the federal statute. He had no knowledge that said petition had not been filed until advised of the fact by said attorney on June 15, 1926."

On February 21, 1927, the judge set aside the order granting the prayer of the first petition, but granted the extension prayed for in the amended petition. This was the order appealed from.

Thomas G. Prioleau, of New York City, for appellant.

Omar W. Platt, of Milford, Conn. (Sidney R. Lash, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). For the first time, so far as we can find, the bare negligence of the bankrupt's attorney is put forward as "unavoidably preventing" him from filing his petition. In re Churchill (D. C.) 197 F. 111, was not such a case, for the attorneys had misunderstood the bankrupt's directions. We do not mean to say that this in our judgment was excuse enough, but it distinguishes the case from that at bar. In Re Waller, 249 F. 187 (C. C. A. 7), the attorney had been sick for the last three months of the year, an excuse which we held sufficient in the bankrupt's mouth, though the sickness was only for the last three weeks. In re La Rosa (C. C. A.) 15 F.(2d) 373. These are the nearest decisions, and neither will serve this bankrupt. Our own decisions in In re MacLauchlan, 9 F.(2d) 534, and In re Lansley, 15 F.(2d) 471, while they rested upon different facts, declared our purpose to apply the section as it was written, and not to allow it to be worn away by trivial excuses.

Congress might, of course, have taken as a test in such cases the prejudice to creditors arising from the delay. It did not, but made the extension depend upon the bankrupt's excuse for his neglect, and while the measure of that excuse may be severe, we have no right to abate its severity. Taking, therefore, the words as they read, we cannot see how a client may say that his attorney's misprision prevents his performance, to say nothing of unavoidably preventing it. His reliance upon the attorney's diligence may indeed be the cause of his failure himself to perform, but that reliance is his own act; there is nothing to prevent his choosing a diligent attorney, or following up a dilatory one, if he happen to choose such. So to extend the section seems to us a perversion of its words.

Moreover, if we were to accept the excuse, few instances would be left which it did not cover. It is true that some bankrupts will fail without excuse to direct their attorneys to apply for a discharge and these would still lose their right. But in most cases a bankrupt leaves the whole proceedings to his attorney at once, and the time slips by because the attorney is slack. No one acquainted with the actual administration of the act can for a moment doubt that the excuse here proffered would in substance repeal the provision.

Order reversed; petition for extension denied.