## In re RUANE et al.

District Court, E. D. New York. October 23, 1929.

Putney, Twombly & Putney, of New York City, for petitioner.

INCH, District Judge. This is a reapplication for an order extending the time of the bankrupts in which to apply for a discharge. The original application was denied by me with reference to a certain case in this circuit. Counsel for bankrupts has now renewed the application believing that they have overcome any objection which might have appeared to the court to be present in their former application.

In view of the earnestness of counsel and the possible importance of the matter to the bankrupts, I feel I should state my reasons for again refusing the order asked for.

In the first place there is little or no substantial difference in the facts now presented from those presented formerly except that counsel claims that the authority relied on by the court simply indicates that such relief is in the discretion of the judge to grant or refuse, and that facts are now shown justifying the exercise of such discretion in favor of the bankrupt.

While it is true that the giving of the relief is in the discretion of the court, yet such discretion is a judicial discretion. It must be legal and regular, "governed by rule not by humor." It is regulated by "well known and established principles of law" as laid down in this circuit in such cases by the higher court. Bouvier's Law Dictionary, 3rd Revision, vol. 1, p. 884. Words and Phrases First Series, vol. 4, p. 3855. Bearing this in mind it seems to me plain that the rule laid down in this circuit and which governs my discretion is contained in the case cited, In re MacLauchlan (C. C. A.) 9 F.(2d) 534.

While counsel may find decisions in other circuits which appear to differ from the law in this circuit, yet the lower courts of this circuit should follow the court of last resort in this circuit. Westinghouse Electric & Mfg. Co. v. Independent Wireless Tel. Co. (D. C.) 300 F. 748.

Nor am I aware that this rule laid down in 1925 has been departed from. On the contrary it has been reaffirmed. In re Lansley (C. C. A.) 15 F.(2d) 471; In re Taylor (C. C. A.) 22 F.(2d) 499.

In substance this rule would appear to be that, while facts may differ in each case, a failure to file an application for discharge within the year must not have been because of a "choice" on the part of the bankrupt, whether by advice of attorney or otherwise. On the contrary such failure must be shown to have been, within reason, "unavoidable."

A reference to the facts now presented by this motion may be briefly made.

A corporation, Ruane Bros., Inc., was adjudicated a bankrupt October 14, 1927. Its time to apply for a discharge would have expired October 14, 1928. On October 13, 1928, its time to apply for discharge was extended six months from October 14, 1928. The necessity for this, given by the corporation, was that its trustee in bankruptcy had instituted a turnover proceeding which was still pending, and that James C. Ruane and Adelbert Ruane were respectively its president and treasurer and the sole stockholders, and that both of them had been working for wages, and, on account of the expense of the turnover proceeding they had no funds with which to pay for the services of an attorney to prepare the application for discharge; that it desired to apply for a discharge, but would be unable to do so for a few months.

About nine months after this corporation was adjudicated bankrupt the said James and Adelbert Ruane also went into bankruptcy individually and were duly adjudicated bankrupts July 16, 1928. The corporation bankrupt above referred to was the successor of a partnership between these two Ruanes, trading as Ruane Bros.

The trustee in bankruptcy of the corporation was thus having considerable litigation with all these bankrupts.

The time to apply for a discharge by these partners expired July 16, 1929. The aforesaid petition for extension of time on behalf of said corporation bankrupt had been verified by James Ruane as president. He is also one of these bankrupt partners of the former partnership.

On September 24, 1929, almost three months after the year expired, the same James and Adelbert Ruane also applied for an order extending their time in which to file an application for their discharge. In this petition, signed by both of them, they recite the same reasons as James had recited on behalf of the corporation, with the additional reason *"that they had been advised not to apply for a discharge* in bankruptcy until the termination of the said turnover proceeding."* This application was the one refused by me.

This reapplication is now based on an affidavit by an attorney for the bankrupts in which he states, after a reference to the previous refusal and the case cited, that the turn-

over proceeding was completed in December, 1928. This would be well within the one year period for applying for discharge. However the affidavit goes on to say the referee, who had heard the testimony, had died, without signing proposed findings of fact and conclusions of law and that in September, 1929, a petition for discharge had been presented to the clerk of the court and was refused by him for the reason that the time had then elapsed; that the reason the bankrupts had not applied earlier was this undetermined turnover proceeding, and "if the turnover proceeding had been successful *there would have been no occasion to apply* for a discharge in bankruptcy."

Orderly procedure requires obedience of lower courts to plain expressions of the higher court such as we have cited.

It is plain that here it is not really a question of money or illness, or mistake in the clerk's office, or lack of competent lawyers. On the contrary it was voluntarily deemed best to defer the application for a discharge which in itself is not only inexpensive but consumes little or no time or professional skill.

In other words the application has been deferred by the bankrupts' "own disinclination to act" as advised by their attorneys. Under the cases cited this is insufficient, and the reapplication must be denied.