## In re GOLDSTEIN.
### No. 16859.

District Court, E. D. New York.
April 24, 1930.

Isidore Parnes, of New York City, for petitioner.

MOSCOWITZ, District Judge.

This is an application for an order extending the time of the bankrupt to apply for a discharge under section 14a of the Bankruptcy Act, 11 USCA § 32(a), which is as follows:

"Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

The reasons advanced by the bankrupt for his being unavoidably prevented from having applied for his discharge theretofore are stated to be:

"That he was unavoidably prevented from filing an application for a discharge within twelve months after such adjudication for the following reasons: That your petitioner since the adjudication in bankruptcy has been without funds and has had to borrow money from friends and relatives to take care of his family needs. That your petitioner for some of the time after adjudication has not been well and for that reason has been unable to take care of business properly and has not earned sufficient to take care of his family needs. Your petitioner has also not been advised by counsel as to the time limitation within which to apply for a discharge and has not had the funds to engage counsel to advise him as to his rights."

It has been repeatedly held that an application for the six months' extension of time within which to apply for a discharge is addressed to the judicial discretion of the court. Each application for such an extension depends upon its individual circumstances. While it is difficult and not desira-

ble to lay down hard and fast rules as to what constitutes "unavoidable prevention" within the meaning of the statute, the courts have construed certain circumstances as not to be unavoidable prevention.

■ The excuse pleaded that the petitioner, since the adjudication in bankruptcy, has been without funds and has had to borrow money from friends and relatives to take care of his family needs will not suffice, for the reason "that drafting and filing a petition for discharge is a simple, short, and inexpensive affair." In re MacLauchlan (C. C. A.) 9 F.(2d) 534, 535; In re Lansley (C. C. A.) 15 F.(2d) 471.

■ "Poverty and sickness, extreme and of long continuance have rightly been held to meet the test of 'unavoidable prevention.'" In re Casey (D. C.) 195 F. 322. The excuse "that the petitioner for some of the time after adjudication has not been well and for that reason has been unable to take care of business properly" cannot be accepted as a ground for the exercise of judicial discretion in granting this application. It may be that the petitioner was not well for some time, but no facts are pleaded in the application to show that petitioner's illness "unavoidably prevented" him from making his application in due time. On the contrary, the application pleads that due to the fact that petitioner has not been well for some time he has been unable to take care of his business. It does not state that he was unable to make an application for a discharge within the statutory time due to his illness.

■ The excuse "that petitioner has not been advised by counsel as to the time limitation within which to apply for a discharge" does not contain the element of external compulsion necessary in the excusing preclusion. In re Balzer (D. C.) 12 F.(2d) 94; In re MacLauchlan (C. C. A.) 9 F.(2d) 534.

■ The word "prevented," as used in the Bankruptcy Act, means that some other entity is preventing action by the one prevented. When a bankrupt is "prevented" from applying for a discharge, the hindrance or preclusion must be a force outside himself operating upon him; he cannot be prevented by his own disinclination to act. There must be a most compelling outside force precluding a bankrupt from filing his petition. In re MacLauchlan (C. C. A.) 9 F.(2d) 534.

There is no fact pleaded which supports the claim that the bankrupt was "prevented," and, as to "unavoidably," there is no pretense of it. The alleged failure of counsel to

advise the bankrupt of the time limitation within which to apply for the discharge may be a negligent act, but it arises from the bankrupt's reliance upon his attorney, and that reliance is the bankrupt's own act and cannot be said to be external compulsion which prevents the bankrupt from making the application. In re Taylor (C. C. A.) 22 F.(2d) 499.

The application is denied.