### In re MALTA.
### No. 16924.

District Court, W. D. New York.

May 10, 1932.

Paul Muscarella, of Rochester, N. Y., for bankrupt.

ADLER, District Judge.

This is an application for an additional six-month period in which to apply for a discharge in bankruptcy. The bankrupt was adjudicated the 10th day of March, 1931, and this application is made April 8, 1932.

The petitioner alleges that 'he was unavoidably prevented from filing the application within the twelve-month period for the following reasons:

He has a wife, child, and aged mother depending upon him for support. That his daughter had to be fitted for glasses. That he has had to assist in the support of his married sister, and that his weekly earnings have been on an average of $20 per week. That he has paid his attorney $75 for disbursements, and that he was unable to pay an additional $75 until now. That his attorney has refused to continue, unless an additional sum was paid, which additional sum has now been paid.

The Bankruptcy Act § 14a (title 11 USCA § 32(a) provides that a bankrupt within "the next twelve months subsequent" to adjudication may apply for a discharge, and then continues: "If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it [i. e., his petition for discharge] within such time [i. e., said 'next twelve months'], it may be filed within but not after the expiration of the next six months."

An application for the six-month extension is addressed to judicial discretion. An error of law has been held to be an abuse of discretion. In re McLauchlan (C. C. A.) 9 F.(2d) 534, 535; In re Ruane (D. C.) 35 F.(2d) 187.

It has been the policy of this circuit to construe the above section strictly. The liberal construction of such cases as In re Churchill, 197 F. 111 (D. C. Ill.) and In re Jacobs, 241 F. 620 (C. C. A. 6th), has been rejected.

It has been held that, when a bankrupt is prevented from applying for a discharge, the hindrance or preclusion is a force outside himself, operating upon him; he cannot be prevented by his own disinclination to act. In re McLauchlan, supra.

As to the word "unavoidable," our circuit has held that, to be unavoidably prevented, "there must be a most compelling outside.

force, precluding a man by hypothesis honest and diligent from filing his petition, before any bankrupt can assert that he was 'unavoidably prevented.' "

Actual proof may be required before the referee showing why the application was not made within the specified time. In re Glickman & Pisnoff, 164 F. 209 (D. C. Pa.).

The following cases have been held to meet the test: Poverty and sickness, extreme and of long continuance: In re Casey, 195 F. 322 (D. C.); In re Agnew (D. C.) 225 F. 650; In re La Rosa, 15 F.(2d) 373 (C. C. A. 2d). So would an error in the clerk's office, In re Swain, 243 F. 781 (D. C.).

The following excuses have been deemed insufficient: Attorney's illness, expecting bitter contest with creditors, In re McLauchlan, supra; absence of bankrupt from jurisdiction, lack of funds to pay expenses of proceedings, In re Lansley, 15 F.(2d) 471 (C. C. A. 2d); absence of bankrupt and inadvertence of counsel, In re Balzer, 12 F.(2d) 94 (D. C. S. D. Cal.); bare negligence of bankrupt's attorney, In re Taylor (C. C. A.) 22 F. (2d) 499; inability to locate bankrupt, negligence of attorney, In re Moore, 36 F.(2d) 429 (D. C. W. D. N. Y.); deferring application on advice of attorney to await result of plenary action, In re Ruane, supra; lack of funds, allegation that bankrupt had not been well, In re Goldstein (D. C.) 40 F.(2d) 539.

■■ Coming now to the instant case, the bankrupt's excuse that he had insufficient funds to pay his attorney is wholly inadequate, as "the court takes judicial notice of the fact that drafting and filing a petition for a discharge is a simple, short and inexpensive affair." In re McLauchlan, supra.

The illness of the bankrupt's family will not avail him, as it must be the illness of the bankrupt himself. The external compulsion necessary is lacking. I am not impressed with the various excuses advanced on this application.

It is a question as to whether a fee could not be charged against the estate for attorney's services in procuring a discharge. Matter of Malkiel, 29 F.(2d) 790 (D. C. Mass.); In re Keller, 207 F. 118 (D. C. N. Y.). The English rule is contra by statute, section 232, Bankruptcy Act, 1914. As to conflicting views on this point, see 29 Columbia Law Review, 666.

The application is denied.