## In re ADAMS.
### No. 4804.

District Court, D. Montana.
Feb. 4, 1933.

John W. Bonner and Thomas W. Bonner, both of Butte, Mont., for bankrupt.

BOURQUIN, District Judge.

It is more than twelve and near thirteen months since the bankrupt was so adjudicated, and now she first presents application for discharge.

The statute (Bankr. Act § 14a, 11 U.S.C.A. § 32(a) provides that the application may be filed "after the expiration of one month and within twelve months, subsequent" to adjudication; but not thereafter unless "it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time," whereupon "it may be filed within but not after the expiration of the next six months."

In endeavor to make it appear a case of unavoidable prevention, one of her counsel makes affidavit he erroneously advised her the application need not be filed before this time; that she relied thereon; that affiant "honestly and mistakenly believed" his advice was right; and that only now has he discovered his mistake

"Unavoidably prevented" and their context are plain and prohibitive words, and it is held their mandate cannot be evaded by mistake or, in other words, neglect of counsel; that otherwise the court would abuse discretion and violate the statutory policy of diligence in bankruptcy; and that the statute and its terms bind courts as well as bankrupts.

See In re Goldstein (D.C.) 40 F.(2d) 539, and citations; In re Taylor (C.C.A.) 22 F.(2d) 499; In re Balzer (D.C.) 12 F.(2d) 94.

Accordingly, leave to file must be and is denied.