## In re SCHAEFER.
### No. 7597.

Circuit Court of Appeals, Ninth Circuit.

Nov. 15, 1935.

II. R. Boden, of Missoula, Mont., for appellant.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant petitioned for an adjudication of bankruptcy on March 25, 1933. On March 28th the order of adjudication was made.

On April 17, 1934, the bankrupt applied for an order extending his time within which to file his application for discharge to April 27, 1934. On April 19, 1934, the trial judge denied the application for leave to file a petition for discharge and denied a discharge. On April 30th, without having filed a petition for discharge of the bankrupt, appellant petitioned for leave to appeal which was granted on that date. The time for filing the petition for discharge expired on March 28, 1934 (Bankr. Act § 14, as amended May 27, 1926, § 6, 44 Stat. 663, 11 U.S.C.A. § 32). The application for an extension of time to file petition was made after the period therefor had expired, but within the six months' period during which the court had power to receive a petition for discharge where the bankrupt had been unavoidably prevented from making his application within the year. The only showing to the court tending to prove that the bankrupt's delay in filing his petition was because he was "unavoidably prevented" from doing so was the affidavit of appellant's attorney to the effect that he had fixed the date of April 28, 1934 (instead of March 28, 1934), as the expiration of the one-year period from the date of adjudication, and "that the error conceived by appellant did not become known to him until the 16th day of April, 1934, when the discrepancy was disclosed by the examination of the bankrupt on that date with regard to his filing a petition for discharge." The trial judge held that such an error by the attorney did not "unavoidably prevent the debtor from petitioning within the year allowed by law," citing in support of such ruling a previous decision by the same court, In re Maude Adams, Bankrupt, 12 F.Supp. 755, In re Goldstein (D.C.) 40 F.(2d) 539, and In re Taylor (C. C.A. 2) 22 F.(2d) 499, 500; In re Lansley, 15 F.(2d) 471 (C.C.A. 2).

In Re Taylor, supra, the Circuit Court of Appeals for the Second Circuit, said: "We cannot see how a client may say that his attorney's misprision prevents his per-

formance, to say nothing of unavoidably preventing it. His reliance upon the attorney's diligence may indeed be the cause of his failure himself to perform, but that reliance is his own act; there is nothing to prevent his choosing a diligent attorney, or following up a dilatory one, if he happen to choose such. So to extend the section seems to us a perversion of its words."

Judge Fake, of the District Court of the United States for the District of New Jersey, in Re Ewing, 8 F.Supp. 285, declined to follow this decision, and instead followed the decision of Judge Sanborn of the District Court of the United States in Re Churchill, 197 F. 111, 113.

■■ The question before us is whether or not the trial court abused its discretion in denying the application for an extension of time and thus in effect refusing to grant the discharge. Burbank Lumber Co. v. Church, 69 F.(2d) 896 (C.C.A. 9); In re Waller, 249 F. 187 (C.C.A.7). Whether or not the granting of such an order would be an abuse of discretion, as decided by the Circuit Court of Appeals for the Second Circuit in Re Taylor, supra, need not be determined, but, for the reasons stated in that decision above quoted, it is clear that refusal to grant the extension was not an abuse of discretion.

Order affirmed.