## In re BERMAS.

### No. 31480.

District Court, E. D. New York.

March 1, 1938.

William A. Stein, of New York City, for bankrupt.

MOSCOWITZ, District Judge.

This is an application extending the time for the bankrupt to file a petition for discharge up to the expiration of eighteen months from the date of adjudication.

It appears that the bankrupt was adjudicated as such on November 17, 1936.

The petition is meager. The ground upon which this application is made is stated in the petition as follows:

"3. That he was unavoidably prevented from filing an application for discharge within 12 months after such adjudication for the following reasons:

"Bankrupt has been very ill suffering with a dangerous condition of the heart and has been directed to stay in bed without leaving same at any time. That annexed hereto and made a part of this application is a petition signed by Dr. Rubert S. Royce dated December 30th, 1937 in support of this application."

Accompanying said petition is an affidavit by the bankrupt's physician in which he states that he has attended the bankrupt for the past ten years, and that the bankrupt has suffered severe and dangerous heart attacks and has been confined in his room and has been advised to refrain from any physical strain and labor and exposure to cold and wind.

There is nothing in the affidavit indicating the condition of the bankrupt from November 17, 1936, up to November 17, 1937. The inference cannot be drawn from the papers submitted that the petitioner was unable to consult with counsel and sign a mere formal application for his discharge.

The granting of an extension within which to apply for a discharge is not a mere formality. It must be shown that the bankrupt was unavoidably prevented from filing his petition as is required by section 14a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32(a). See, also, In re Goldstein, D.C., 40 F.2d 539.

The application will be denied with leave to renew before the judge sitting in

the motion part. The application must show that the bankrupt was unavoidably prevented from filing his application for discharge.