**In re BERGHORST.**

No. 6984.

District Court, W. D. Michigan S. D.

May 20, 1938.

John R. Dethmers, of Holland, Mich.,
for bankrupt.

Lawrence D. Beukema, of Grand Rap-
ids, Mich., for objecting creditor.

RAYMOND, District Judge.

On the 24th day of November, 1936, pe-
titioner was duly adjudicated bankrupt.
No attempt was made to file application for
discharge until May 12, 1938, upon which
date a petition was filed praying for exten-
sion of six months for this purpose. The
ground alleged in the petition is that bank-
rupt "was unavoidably prevented from fil-
ing his application for discharge within the
period of thirteen months after date he was
adjudged bankrupt, by reason of the fact
that his attorney, John R. Dethmers, who
represented him in this matter, erroneously
believed and advised petitioner that the pe-
riod allowed by said Acts for the filing of
such application was eighteen months after
the date of his adjudication of bankruptcy."

Objections to the granting of said ap-
plication were filed by bankrupt's principal
creditor. Briefs have been submitted and
bankrupt's attorney has filed his affidavit in
further support of the petition for exten-
sion, wherein he states "that deponent de-
sired to delay filing the application for dis-
charge until such suit for Leah Parker
might be brought and determined in the
state court; that said Leah Parker appears
to be delaying the instituting of such suit
for the purpose of escaping these bankrupt-
cy proceedings and until after the applica-
tion for discharge is filed and such dis-
charge ordered by this Court."

Various interpretations have been
placed upon the words "unavoidably pre-
vented" as used in Section 14 of the Bank-
ruptcy Act, 11 U.S.C.A. § 32. See Gilbert's

Collier on Bankruptcy (4th Ed.) sec. 436. In sec. 3167, Remington on Bankruptcy (4th Ed.), it is stated that,—

"For a bankrupt to be 'unavoidably prevented' some extremely compelling outside force must have acted upon him.

\* \* \* \* \* \* \*

"The failure to file the application within the year must not have been from 'choice', even though by advice of counsel, but must have been, within reason, unavoidable."

In the present case, there appears to be the combination of erroneous advice of counsel accompanied by intentional delay to await the conclusion of another suit.

Careful examination of the cases cited in briefs of counsel leads the court to the clear conclusion that in the exercise of a sound discretion, there is no justification for granting the extension as prayed. See In re Schaefer, 9 Cir., 80 F.2d 387; In re Adams, D.C., 12 F.Supp. 755; In re Goldstein, D.C., 40 F.2d 539; In re Taylor, 2 Cir., 22 F.2d 499. An order will accordingly be entered denying the prayer of the petition.