## In re WIECK & KLINE.

### No. 2912.

District Court, D. Montana.

Sept. 30, 1938.

Jess L. Angstman, of Havre, Mont., for bankrupts on institution of proceedings.

Molumby, Busha & Greenan, of Great Falls, Mont., for bankrupts on matter of discharge application.

Charles Davidson, of Great Falls, Mont., for creditor Frank M. Wallace Agency.

PRAY, District Judge.

Adjudication of the above named copartners as bankrupts occurred June 20, 1933. The petition for discharge was not filed within the year nor was any application made to file such petition within the following six months' period, as prescribed by section 14 of the Bankruptcy Act, Sec. 32, U.S.C.A., Title 11. On May 25th, 1937, application by bankrupts was filed, based upon the affidavit of Jess L. Angstman, attorney at law, showing that cause of delay in not filing petition for discharge in time was due solely to his negligence. On the strength of this affidavit and after cursory consideration the court issued an order allowing bankrupts to file petition for discharge nunc pro tunc, as of a date prior to the 18 months' period within which bankrupts might otherwise have filed their petition for discharge in accordance with the provisions of the statute above cited. The successive steps, of interest here, are as follows: Frank M. Wallace Agency, Inc., hereafter referred to as the Agency, on April 4th, 1931, obtained a judgment against Anthony Wieck and Ralph E. Kline, co-partners, in the state court of Cascade County, Montana, for $1,247.43. Debtors listed the Agency judgment when they were adjudicated bankrupts June 20th, 1933. On May 17th, 1937, the sheriff of Hill County, Montana, made a levy upon property of debtors under execution issued upon the said judgment; and the judgment creditor claims that the property levied up-

on is no part of the bankruptcy assets, since debtors failed to comply with the statute. May 25, 1937, this court issued an order restraining proceedings under said execution and allowing debtors to file petition for discharge, as aforesaid, as of date of December 19, 1934. May 28, 1937, a restraining order was issued to prevent debtors from disposing of the property levied upon under said execution, until the further order of the court. On June 2, 1937, the Agency moved to dissolve the order restraining the sheriff from selling property of debtors under said execution, and also moved to vacate order allowing debtors to file their petition for discharge; on the same day debtors moved to dissolve order restraining bankrupts and others from disposing of the property levied upon. Both of those motions by agreement of counsel were submitted to the court on briefs under Rule 40(2) of said court, 28 U.S.C.A. following section 723(c). Debtors apparently were unfamiliar with the procedure for obtaining a discharge and relied entirely upon their counsel to assist them; their first intimation that their case required further attention was the receipt of a letter from a creditor demanding payment of his claim; upon consulting their counsel about the creditor's demand, he said that he would present a petition for extension of time within which to file petition for discharge, and upon receiving such assurances debtors believed that the matter would be properly taken care of. It appears that counsel did prepare the petition for discharge after the twelve months' period had expired, but that he thereafter moved his office, lost the files and forgot about the case until execution was levied upon debtors property. There are but two questions to be determined in this case, can the court permit the debtors to file their petition for discharge after the expiration of the eighteen months' period above mentioned, and if that can properly be done, do the facts in the present case warrant the court in resorting to this rather extraordinary remedy.

The statute in question, Sec. 14, Sec. 32, U.S.C.A., Title 11, is in the following language; "any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but

not after the expiration of the next six months." The statute is so plain that it needs no discussion to clarify it; the point is does it mean actually what it says, or can an exception be made in favor of debtors under such a state of facts as is here disclosed. It is within the court's discretion to extend the period if it appears that debtors were unavoidably prevented from filing their petition within the time. The authorities are not entirely in harmony, but generally speaking they agree that the statute means what it says. Some authorities hold that failure of a bankrupt to petition for discharge within the 18 months' period has the same effect as a judgment by default in favor of his creditors, and to the effect that he is not entitled to a discharge from their claims, and is as conclusive as a judgment upon a trial, and that the matter becomes res judicata (In re Stone, D.C.Or., 172 F. 947); others hold that at the end of the period the court looses jurisdiction entirely; and at least one or two authorities seem to hold that to prevent a grave injustice being perpetrated relief should be granted nunc pro tunc.

It dos not require the citation of authorities to show that debtors could not commence and maintain a second proceeding for the purpose of being discharged from debts which they had scheduled and were provable in a former proceeding; in effect it would be doing practically the same thing if debtors are now allowed to file their petition for discharge after a delay of nearly 3 years following the expiration of the twelve months' period. It must also be remembered that debtors—and there were two of them in this case who might have taken greater interest—are not entirely relieved of responsibility when they consult an attorney and commence bankruptcy proceedings. There is nothing in this record to show that debtors ever made any enquiry about the progress of the case, or when it was likely to be finished, except when a creditor, other than the Agency, demanded payment of his claim; it is true, that if the petition had been filed then it would have been within the six months' period. In re Reingold, D.C., 3 F. 2d 80, 81, the Clerk of the Court refused to file the petition for discharge for failure of debtor to pay the costs; after the expiration of the 18 months' period debtor again attempted to obtain permission to file his petition by a nunc pro tunc order, and the decision was that the judge had no discre-

tion whatever to extend the time, and was without jurisdiction to entertain the petition; again in Re Vasques, D.C.N.Y., 50 F.2d 271, attorney for debtor mailed petition for discharge to the Clerk of the Court; it was never received and about three years after the statutory period had expired debtor attempted to file a petition nunc pro tunc, the ruling was that the court had no jurisdiction after the expiration of the extreme period. In re Schaefer, 9 Cir., 80 F.2d 387, the lower court was sustained in its refusal to allow the petition to be filed after the twelve months' period had expired, there it appeared counsel had mistaken the final date of March 28th for April 28th.

■ The pith of the argument is found in the following language: "Congress has thereby limited the period within which, even in the case of unavoidable necessity, an application for discharge can be granted, and while in the present instance great hardship would seem to be involved, it would be much more dangerous to attempt to restore conditions by opening an adjudication, and thus to get around the entire system of proceedings under the bankruptcy law, than the equities of any particular case would justify." In re Morse, D.C., 168 F. 157, 159.

This court is not impressed with the reasoning in the Daly Case, D.C., 224 F. 263; there it was held that an order nunc pro tunc could not be granted extending the time for filing the application for discharge unless it appeared that the failure to file in time was due to the absence or fault of the clerk or judge, or to some fault on the part of the postmaster, or some clerk in the office of the bankrupt's attorney. The law allows a period of six months within which all of the excuses mentioned in the above entitled cause can be presented to the court in an attempt on the part of debtor to establish a case of unavoidable delay, and the statute clearly states that application for that purpose "may be filed within, but not after the expiration of the next 6 months." There seems to be no way of changing the unequivocal terms of the statute.

The effect of counsel's argument in behalf of debtors is that neglect of counsel is sufficient to justify a nunc pro tunc order, such as has been issued in this case. If that were true then failure to file within the 18 months' period because of neglect of counsel could be easily remedied, notwithstanding the positive terms of the statute, because, as it appears, counsel is an officer of the court, and any neglect occurring through the negligence of a court officer affords an exception to the rule; to adopt such a theory would be to run contrary to the great weight of authority on questions of neglect of counsel in similar cases. There are a good many instances where neglect of counsel has not been considered a sufficient excuse for failure to file within the six months' period. In the Adams Case, D.C., 12 F.Supp. 755, Judge Bourquin held that a showing by counsel for bankrupt that he erroneously advised the bankrupt and that the latter believed, and relied upon, such advice, was an insufficient excuse for extending time beyond the 12 months' period; and the Circuit Court of Appeals for the 9th Circuit, speaking through Judge Wilbur, held in Re Schaefer, 9 Cir., 80 F.2d 387, quoting from In re Taylor, 2 Cir., 22 F.2d 499, 500, as follows: "In Re Taylor, supra, the Circuit Court of Appeals for the Second Circuit, said: 'We can not see how a client may say that his attorney's misprision prevents his performance, to say nothing of unavoidably preventing it. His reliance upon the attorney's diligence may indeed be the cause of his failure himself to perform, but that reliance is his own act; there is nothing to prevent his choosing a diligent attorney, or following up a dilatory one, if he happen to choose such. So to extend the section seems to us a perversion of its words.' " Reference here was to section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32. Many authorities of like tenor could be cited, but that is unnecessary in view of the position taken in respect to section 14 by our own Circuit Court of Appeals.

It is the court's opinion at this time that the order allowing the filing of the petition for discharge nunc pro tunc should be set aside, and the said petition dismissed, and that the order restraining the sheriff from proceeding under execution, should be set aside, and such is the order of the court in both instances.