**In re ELKIN.**

No. 71884.

District Court, S. D. New York.

Jan. 12, 1940.

HULBERT, District Judge.

The applicant filed a pauper's voluntary petition in Bankruptcy and was adjudicated August 10, 1938. He now presents his application for discharge and requests that it be dealt with pursuant to the provisions of the Chandler Act (11 U.S.C.A. § 32).

In Sol Cohen and Others v. Irvin Keller, 108 F.2d 495, decided January 2, 1940, the United States Circuit Court of Appeals for the Second Circuit overruled In re Taylor, 2 Cir., 22 F.2d 499, which had been the beacon, at least in this Circuit, in determining whether the time of a bankrupt to apply for a discharge might be extended.

In Cohen v. Keller, supra, the bankrupt had executed his petition for a discharge within twelve months after the adjudication and left it with his then attorney with directions to file it, but the lawyer insisted that the application could not be made until the Referee had determined certain disputes as to the rights of claimants to property of the bankrupt estate. The refusal of the attorney to file the application because of a mistake of law was held to be conduct constituting unavoidable prevention of the bankrupt.

In this case the bankrupt never had a lawyer and did not know what he was required to do until he was so advised in a discussion with an attorney for a creditor whose claim arose subsequent to the adjudication. For a nominal fee he recently secured the services of an attorney who has presented the pending application. There is even more reason to excuse the delinquency of the bankrupt in this case.

Petition granted. Submit order in accordance with the prayer of the petition.